## BALDWIN *against* HAYDEN and another.

A party may justify a battery in protection of his goods, if it do not exceed the bounds of mere defence, prevention or recovery.

On the trial of an action of assault and battery, on the general issue, with notice of special matter in justification, the plaintiff claimed to have proved, that the defendant had delivered to him a certain writing, which he doubled, and was about carrying it away, as he supposed, with the defendant's consent, when the defendant, without any demand, seized the plaintiff by the collar, threw him down violently, struck him a severe blow in the face, choked him, and took the writing from him, while the plaintiff made no resistance and used no violence. The defendant claimed to have proved, that he rightfully owned and was lawfully possessed of the writing in question; that he delivered it to the plaintiff to read in the defendant's presence only, and to return it, without any consent that he should carry it away; and that the defendant, for the purpose of preventing the plaintiff from carrying it away, and to compel him to redeliver it, seized him by the collar, threw him down, and held and choked him, until he would consent to give it up; such force and violence being necessary to accomplish the object in view. Upon these claims of the parties respectively, the judge charged the jury, that if they should find the writing was peaceably in the plaintiff's hands, by the consent and delivery of the defendant, he had no right to use said violence to recover it from the plain-

*New-Haven,*
*July,*
*1827.*

Baldwin
*v.*
Hayden.

tiff; and the jury found for the plaintiff. Held, that the only questions of fact presented by the case, were. 1. whether the writing was deliverrd, by the defen lant, to the plaintiff, to be carried away by him; 2. if not, whether the defendant used more force than was necessary to prevent it; and as the charge withdrew these questions from the consideration of the jury, it was a misdirection, which entitled the defendant to a new trial.

This was an action of assault and battery, tried at *New-Haven, August* term, 1826, before *Lanman,* J.

The defendants pleaded *Not guilty,* with notice, that under this plea they should give in evidence certain matters in relation to a writing, owned and possessed by them, signed by *Elizabeth Brooks,* and witnessed by her sister, the plaintiff's wife, which explained away and refuted certain slanderous stories, which had been in circulation relating to a minor daughter of one of the defendants, the sister of the other; with *molliter manus imposuerunt.*

On the trial, the plaintiff claimed to have proved, That the younger defendant had, by fraud and misrepresentation, obtained the writing described in the notice, the contents of which were unknown to the plaintiff, and to his wife and her sister; that the plaintiff requested the younger defendant to bring the writing to the house of *Joseph Burton* in *Waterbury,* that he, and his wife and her sister, might see and examine it; that the younger defendant observed, that he would not be a pack-horse to carry papers for them, but that the plaintiff might go home with him and see it; that he plaintiff did go with him; that he produced the writing, read it to the plaintiff, and, at his request, delivered it to him; that the plaintiff, supposing this defendant had consented to his carrying it home to shew to his wife and her sister, and had delivered it to him for that purpose, doubled it, and was about to leave the house, when this defendant, without any demand or request, seized the plaintiff by the collar, threw him violently down upon the floor, struck him a severe blow in the face, and called for his father's assistance; that the elder defendant came immediately, fell violently upon the body of the plaintiff, placed his knee upon the plaintiff's neck, and proceeded to gripe the plaintiff's throat, and to choke him, threatening to take his life, while the other defendant was taking the writing from the plaintiff's hand; and that the plaintiff made no resistance, nor used violence, against the defendants.

The defendants claimed to have proved, That they rightfully owned and were lawfully possessed of the writing in ques-

tion ; that the younger defendant did not consent, that the *New-Haven,* July, 1827.

Baldwin

v.

Hayden.

plaintiff should carry it away, to shew to his wife and her sister, but delivered it to him, to read in his presence only, and then return it ; and that the defendants, for the purpose of preventing the plaintiff from carrying it away, and to compel him to redeliver it, seized him by the collar, threw him down, and held and choked him, until he would consent to give it up.—Under these circumstances, the defendants claimed, that such force and violence were justifiable and necessary to accomplish the object in view ; and that they had, by law, good right to use such force and violence for that purpose.

The plaintiff claimed, that if the younger defendant delivered the writing to the plaintiff, in the manner claimed by the defendants, still they were not justifiable in using said violence and doing said acts, in order to repossess themselves of it.

The judge charged the jury, that the law was so, that if they should find the writing was peaceably in the plaintiff's hands, by the consent and delivery of the defendants, they had no right to use said violence to recover it from him.

The jury returned a verdict for the plaintiff ; and the defendants moved for a new trial, for a misdirection.

*N. Smith* and *Ingersoll,* in support of the motion, contended, 1. That the defendants had a right to use *such force* as was *necessary* to prevent the plaintiff from carrying away their property. 3 *Bla. Comm.* 121. 1 *Selw. N. P.* 41. ed. 1811. *Esp. Ev.* 156. If the writing, as the defendants claimed, was put into the plaintiff's hands only that he might read it, in their presence, and return it, there was, in contemplation of law, no parting with the possession by them. Though *peaceably* in the plaintiff's hands, it was still in the possession of the defendants. At any rate, the attempt to carry it away, was an infraction of their right of property, which they might lawfully resist with as much force as was necessary for that purpose.

2. That how much force was used, and how much was necessary, were questions of fact proper for the jury to pass upon. It was not within the province of the judge to decide how much force was used ; nor if that had been ascertained, could he lay it down as matter of law, that a given degree was necessary.

3. That as the charge took these questions from the jury, and directed their attention exclusively to the means and manner of the plaintiff's obtaining and holding the writing, the case

was improperly submitted, and there ought to be a new trial. The judge should have told the jury, that if they should find, that the defendants owned and possessed the writing, and put it into the plaintiff's hand only that he might read it on the spot, this was not a change of the possession, and the defendants had a right to retake it, using no more force than was necessary for that purpose : that if they used no more force than was necessary, the plaintiff could not recover at all ; if they did use more than was necessary, the plaintiff could recover only for the excess.

*Sherman* and *Hitchcock*, contra, contended, 1. That the facts, as claimed by the defendants, did not justify even a gentle imposition of hands, because there was no demand made for the writing, which was peaceably in the plaintiff's possession. *Green* v. *Goddard*, 2 *Salk.* 641. If property is peaceably and lawfully in possession of another, the owner cannot take it, with any degree of force, without a previous request. *Leward* & ux. v. *Baseley*, 1 *Ld. Raym* 62. For the protection of personal property, the law will not permit violence to be offered, *in the first instance.* 1 *Selw. N. P.* 41. ed. 1811. And as to cases, that may be supposed, where there is not *time* to make a request, they are to be regarded as *extreme* cases, which afford no illustration of a general principle.

2. That according to the claim of the defendants themselves, they seized the plaintiff by the collar, threw him down, and held and choked him—acts constituting an outrageous battery. If then they shew such a case as only warrants a gentle imposition of hands, it is *matter of law* that the battery is not justified. *Gregory* & ux. v. *Hill*, 8 *Term Rep.* 299. *Simpson* v. *Morris*, 4 *Taun.* 821.

3. That nothing will justify such a battery as is admitted, except force and resistance by the plaintiff. But the defendants, on the trial, did not claim, that the plaintiff used any force. And if they did, the judge left it to the jury to find whether the plaintiff's possession of the writing was peaceable or forcible ; and the jury found for the plaintiff. This makes all that the defendants have done uncalled for, and unjustifiable. The force which the law allows, is *preventive,*—not *vindictive.*

4. That a new trial will not be granted, on the ground that the judge invaded the province of the jury ; because the facts claimed by the defendants, as against them, are to be consider-

ed as proved; and the facts being ascertained, whether the force used was *necessary*, becomes a mere question of *law*.

5. That if the charge was informal, imperfect or even incorrect, yet if upon the whole case, as it now appears, the plaintiff is entitled to recover, the verdict given will not be set aside.

PETERS, J. The facts stated in the motion presented to the judge on the circuit two questions. 1. Was the paper in question delivered by the defendants to the plaintiff to be carried away by him. 2. If not, did the defendants use more force than necessary to prevent it? But instead of submitting these questions to the jury, he instructed them, that if they should find this paper was *peaceably* in the plaintiff's hands, by the consent and delivery of the defendants, they had no right to use the violence proved, to recover it. This withdrew from the consideration of the jury the only questions of fact in the case, —the *intention* with which the paper was delivered to the plaintiff, and the *quantum* of force employed by the defendants to prevent the abuse of that intention,—and directed the attention of the jury to the *manner* of the plaintiff's obtaining the paper, instead of the *object* of its delivery by the defendants. By the common law, a man may justify a battery of a person, who endeavours wrongfully to dispossess him of his lands, or take away his goods; for self-defence is a primary law of nature. But care must be taken not to exceed the bounds of mere defence, prevention or recovery, so as to become vindictive. 3 *Bla. Comm.* 4. 121. 1 *Esp. Dig.* 314. 1 *Hawk. P. C.* 130. *Gates* v. *Lounsbury*, 20 *Johns. Rep.* 427. *Gregory* & ux. v. *Hill*, 8 *Term Rep.* 299.

I advise a new trial.

HOSMER, Ch. J., and BRAINARD and LANMAN, Js. were of the same opinion.

DAGGETT, J. gave no opinion, having been of counsel in the cause.

New trial to be granted.