Dewey, J
This was an. action of trespass by Johnson against Andre. The first count of the declaration alleges that the defendant assaulted the plaintiff, forced and pushed him with great violence off his horse, threw him down upon the ground, struck him violently, and with great force, insult, and abuse, wrested the horse, saddle, and bridle of the plaintiff from his possession. The second count is for taking and carrying away the horse, saddle, and bridle of the plaintiff.
The defendant pleaded, 1, The general issue. 2, That the supposed trespasses in the first and second counts mentioned were one and the same, and not other or different trespasses; that as to the force, &c., and all the supposed trespasses in the declaration mentioned, except the forcing the plaintiff' off his horse, pushing him down upon the ground, wresting the horse, saddle, and bridle from him, and carrying them away, the defendant was not guilty, and put himself upon the country. And as to the residue of the supposed trespasses, actio non, because the horse was the property of the defendant; that the plaintiffj with his own saddle and bridle, was “ tortiously ” mounted upon the horse in a public street; that the defendant requested him to dismount and give up the horse; that he refused; whereupon the defendant, for the purpose *of obtaining possession of the horse, “gently laid his hands upon the plaintiff” and dismounted him; that defendant took possession *402 of the horse, and in so doing necessarily forced and pushed the plaintiff down upon the ground; and that he necessarily removed the saddle and bridle to a small and convenient distance, (specifying the place), where he left them for the use of the plaintiff, doing them no needless injury; which were the same, &c.
The plaintiff replied de injuria, &c., upon which there was issue. Yerdict for the plaintiff. Motion for a new trial overruled, and judgment on the verdict.
It is contended that the Court erred in overruling the motion for a new trial.
It appears by the record, that the plaintiff fully established by the testimony the assault and battery as laid in the first count, except the striking of him by the defendant. "Whether the defendant proved the facts set forth in his special plea we have not inquired, because if he did, they constituted no justification of that part of the assault and battery to which they refer. The plea shows no force on the part of the plaintiff in obtaining possession of the horse, nor at what time he obtained it. It simply states, in reference to this matter, that he was tortiously possessed in a public street, and that he refused to give up the horse on the demand of the defendant. It is not lawful for the owner of property to take it from the peaceable though wrongful possession of another, by means of violence upon his person; the remedy lies in a resort to law, not to force. 3 Bl. Comm., 4.
The only matters tendered for issue by the plea—the ownership of the horse by the defendant, his demand of possession, and the plaintiff’s refusal to yield it—were immaterial facts. It would have been more regular for the plaintiff to demur, but he is not to lose the benefit of the verdict in consequence of having replied. The first faulty pleading’ was on the part of the defendant; he can not, therefore, demand a repleader, though the issue was immaterial. 1 Chitt. Pl., 694, and the authorities there cited.
The plaintiff set up a claim to the horse under the estray laws; and the Court charged the jury in reference to those *403 laws. "We do not inquire whether the charge was correct or *not, for admitting it to have been wrong, we think the verdict was right; and that the damages assessed by the jury, viewed only in reference to the assault and battery proved, can not be said to be excessive.
J. B. Niles, for the plaintiff.
J. L. Jernegan, for the defendant.
Per Curiam.—The judgment is affirmed, with five 'per cent, damages and costs.