### THE STATE OF IOWA *v.* BOND.

Where under an indictment for larceny, in which the defendant was charged, among other things, with taking certain promissory notes, for the payment of money, commonly called bank notes, the jury returned a verdict as follows: " We, the jury, find the defendant guilty of larce-. ny in taking the money in the indictment mentioned, and fix the amount and value of the same at $127 80 ; " *Held*, That the verdict was sufficiently formal.

In an indictment for larceny, in stealing a bank note, it is sufficient to describe it as a promissory note, for the payment of money, commonly called a bank note, purporting to be issued by a bank, (naming it), for the payment of a certain sum of money, still due and unpaid, and of a certain value.

Bank notes are made the subject of larceny, by the statutes of the state of Iowa.

Where under an indictment for larceny, in which the defendant was charged with stealing certain money and bank notes, the court instructed the jury as follows: "That if a man, under the honest impression that he has title to the property, takes it into his possession, it is not larceny ; but if there be an act of concealment, it indicates a knowledge that his claim is unfounded. If the circumstances show that the defendant acted in good faith, under a claim of title in himself, he is exempt from the charge of larceny, although his claim has no foundation in right. The cases in which this principle has been settled, have been those in which property other than money, was the subject of the taking, and where a title to the specific article was set up. It will be necessary for us to inquire how far the principle will apply, where money is taken. No claim of title to the particular money taken, is alleged to have been set up ; but the claim was, that the amount taken was due in services. If the claim had been asserted to C. & R., (the persons from whom the property was taken), before the time of the taking, and there was no evidence of concealment, the fact that money was taken, would not vary the principle. It would not be larceny. If the jury are satis-

fied, from the testimony, that the defendant was in the employment of C. & R.; that there was nothing due him for services; that he secretly took this money, belonging to them, and from their money-drawer, with the intention to keep it, and convert it to his own use; and that he made the entries in the books, and placed the letter, setting up a claim for services, in them, intending to leave the state, and further intending that the books and entries should not be discovered until after he left the state, it will be your duty to find him guilty. If the jury believe from the testimony, that the defendant took the money on Saturday, and at a time when, in the ordinary course in which the business of C. & R. was conducted, the taking would not be discovered until Monday morning, and that defendant intended to leave on Saturday, and intended that the letter which he left in the books, should not be discovered until after his departure, it will be your duty to find him guilty;" *Held*, That the instructions were sufficiently favorable to the defendant.

*Appeal from the Dubuque District Court.*

SATURDAY, JUNE 11.

INDICTMENT FOR LARCENY. The property alleged to have been stolen is described in the indictment as follows: "One watch, of the value of five dollars; one silver coin, of the value of twenty cents; one five dollar gold piece, of coinage of the United States, of the value of five dollars; one promissory note, for the payment of money, commonly called a bank note, purporting to be issued by the St. Croix Valley Bank, for the payment of ten dollars, being still due and unpaid, of the value of ten dollars," and other bank notes described in like manner.

The defendant was convicted, and a motion to set aside the verdict, and in arrest of judgment, having been overruled, he was sentenced to six months imprisonment in the penitentiary, from which judgment he appeals. The other material facts, and the questions raised, are sufficiently stated in the opinion of the court.

*B. M. Samuels* and *O'Niel & McLenan,* for the appellant, cited 3 Binney, 533; 1 How. (Miss.), 262; 2 Russell on

Crimes, 71; 1 Porter, 33; *Rex* v. *Craven*, R. & R., 14; 2 East., 10; *N. Y. Fire Ins. Co.* v. *Walden*, 12 Johns., 513; *Davies* v. *Pierce*, 2 Tenn., 53; *Aylwin* v. *Ulmer*, 12 Mass., 22; *Tufts* v. *Seabury*, 11 Pick., 140; Ib., 398; *Fisher* v. *Duncan*, 1 Hen. & Munf., 563; 2 Hawks, 63.

*S. A. Rice*, (Attorney General), and *W. T. Barker*, (District Attorney), for the state, relied on *Munson* v. *The State*, 4 G. Greene, 483; *Winfield* v. *The State*, 3 Ib., 339; Code, 3054; Ib., 2916.

STOCKTON, J.—I. The motion in arrest of judgment was for the reason; 1. That the verdict was informal and defective, in that it does not find the defendant guilty, as charged in the indictment. The verdict of the jury was, " We, the jury, find the defendant guilty of larceny, in taking the money in the indictment mentioned, and fix the amount and value of the same at $127 80." This verdict, we think, is sufficiently formal. Its meaning can hardly be misunderstood. The property charged to have been stolen, consisted of a watch, one piece of silver coin, one piece of gold coin, and a quanty of bank notes, and alleged to be of certain value. The verdict is the same as if the jury had said, that they found the defendant guilty as charged in the indictment, and found the value of the property stolen to be $127 80.

II. The second ground of the motion was, that "the indictment was defective, in that it does not aver the taking of any bank note, or notes." We think it was sufficient to describe the property taken as " a promissory note for the payment of money, commonly called a bank note, purporting to be issued by the bank for the payment of ten dollars, still due and unpaid, and of the value of," &c.

The cases cited by the defendant do not hold any different doctrine. In the case of *Damewood* v. *The State*, 1 How. (Miss.), 262, it was held not sufficient to describe the bank note as a promissory note for the payment of money,

without further describing it as "a promissory note for the payment of money, commonly called a bank note."    And in the case of *Spangler* v. *The Commonwealth*, 3 Binney, 533, it was held that an indictment for stealing bank notes generally, under the description of "promissory notes for the payment of money," was bad.    It should appear, (say the court), that the notes were issued by a bank incorporated by law; or the bank should be named, with an averment that it was incorporated; or it should be shown in some sufficient manner, that the notes were lawful.    3 Binney, 536.    The court place the decision on the ground that in Pennsylvania, the notes of unincorporated banks, were not the subject of larceny.    There is no such provision of law in this state; and the question being, whether the property mentioned in the indictment, is made the subject of larceny by the statute, we are of opinion that it is, and that the description given is sufficient.    *The People* v. *Holbrook*, 13 Johns., 90; *The People* v. *Johnson*, 8 Barb., 637; Wharton's Crim. Law, 178–180.

III.    The court charged the jury, " that if a man, under the honest impression that he has a title to property, takes it into his possession, it is not larceny; but if there be an act of concealment, it indicates a knowledge that his claim is unfounded.    If the circumstances show that the defendant acted in good faith, under a claim of title in himself, he is exempt from the charge of larceny, although his claim has no foundation in right.    The cases in which this principle has been settled, have been those in which property other than money, was the subject of the taking, and where a title to the specific article was set up.    It will be necessary for us to inquire, how far the principle will apply, where money is taken.    No claim of title to the particular money taken, is alleged to have been set up; but the claim was, that the amount taken was due for services.    If the claim had been asserted to Coffal and Rossister, before the time of the taking, and there had been no concealment, the fact

that money was taken, would not vary the principle. It would not be larceny. If the jury are satisfied from the testimony, that the defendant was in the employment of Coffal and Rossister; that there was nothing due him for services; that he secretly took this money, belonging to them, and from their money drawer, with the intention to keep it, and convert is to his own use; and that he made the entries in the books, and placed the letter setting up a claim for services in them, intending to leave the state, and further intending that the books and entries should not be discovered until after he left the state, it will be your duty to find him guilty. If the jury believe from the testimony, that the defendant took the money on Saturday, and at a time when in the ordinary course in which the business of Coffal and Rossister was conducted, the taking would not be discovered until Monday morning, and that the defendant intended to leave on Saturday, and intended that the letter which he left in the books, should not be discovered until after his departure, it will be your duty to find him guilty."

The objection taken by the defendant to the charge of the court, cannot be sustained. Looking at the whole charge, we think it as favorable to the defendant as he had any reason to require.

Judgment affirmed.