### ARBA ALFORD AND ANOTHER *vs.* LUCINA MILLER.

The directors of a savings and building association, who had borrowed all the money of the association and severally given their notes for the amounts loaned and for a bonus in each case in addition, agreed with *M,* a stockholder whose stock they wished to buy in and extinguish, to take one of the notes in exchange for the stock. After the agreement, but before the note was delivered, the directors voted that the amount of the bonus in each case should be canceled and indorsed on the note. No indorsement was however made upon the note delivered to *M,* who conveyed the stock with no knowledge of the arrangement. Held—1. That the agreement among the directors was a fraud upon the association, and of no effect. 2. That if it were not so, the director whose note was delivered to *M,* must be regarded as either waiving his claim to the release of the bonus, or as committing a fraud upon *M,* and that in either view he had no equitable claim to a deduction of the amount of the bonus from the note.

BILL to redeem, reserved by the superior court for advice. The case is sufficiently stated in the opinion.

*G. C. Woodruff* and *Hall*, for the petitioners.

*O. S. Seymour*, with whom was *Hitchcock*, for the respondent.

BUTLER, J. In this case the petitioners seek to redeem a prior mortgage given by Whitfield T. Munson to the Hitchcocksville Savings Bank and Building Association, to secure a note for $400, which note is now the property of Lucina Miller the respondent, and claim that the note was in part paid before she became the owner of it. We are of opinion that it was not so paid, and that the petitioners can not be permitted to redeem until they pay the full amount of the note.

The finding sufficiently discloses the fact that the affairs of the bank were managed by a board of directors, of which Munson, the maker of the note, was a member. It further appears that the members of this board had borrowed all the assets of the bank, and given their notes therefor, adding a certain amount as bonus. The respondent Miller and a few others were stockholders, but not debtors of the bank. The directors wished to extinguish the interest of the other stockholders, and for that purpose agreed to give the note of Munson to Mrs. Miller if she would procure and release to them such interest. This she agreed to do, and subsequently did. Intermediately between the time of the agreement and the time of the consummation of it by a transfer of that interest and the delivery of the note in question, the directors agreed that the amount of the bonus should be deducted from and indorsed upon their several notes, and that agreement was executed in respect to the notes of the other directors, but not in respect to the note of Munson, and it was transferred unindorsed to Mrs. Miller. The petitioners now claim that the agreement shall be enforced for their benefit against her. This can not be done.

The note of Munson belonged to the bank. It is found that the bank agreed to convey it to Mrs. Miller in exchange for stock. That agreement of itself did not transfer the title ; but in connection with and upon the subsequent delivery it did. If the agreement to indorse the note of Munson down was valid, it was not a payment and was not executed. At most it could only give Munson an equity. But he is not entitled to any such equity for several reasons.

1. The agreement was made by the directors among themselves for their own benefit without authority express or implied from the bank, and as against the bank it was inoperative, and no equity could arise out of it.

2. There was no consideration moving to the association, and it was substantially an attempt to make a fraudulent disposition of a part of the assets, and would have been invalid if executed.

3. But if the agreement had been authorized and valid it would not help the petitioners. Munson was a director, and presumptively had knowledge of and participated in the sale and delivery of his note as wholly unpaid to Mrs. Miller, and the reception of the entire consideration, without giving notice of his equity. He would be holden, if a defendant, to a *waiver* or a *fraud,* and in either event estopped from setting up his equity against Mrs. Miller; and the petitioners are in no better position.

The superior court should be advised that the petitioners must pay the full amount of the note.

In this opinion the other judges concurred.