THE STATE v. HOLLYWAY.

1. **Criminal Law**: ROBBERY: EVIDENCE. To constitute the crime of robbery the taking must be *animo furandi*, and evidence tending to rebut the felonious intent is admissible.

2. ——: ——. Although it is not robbery to compel the payment of money by threats of violence, yet such an act is made an offense by the statutes of this state (Code, § 3871).

*Appeal from Fremont District Court.*

WEDNESDAY, SEPTEMBER 22.

At the March term, 1873, of the District Court, the defendant was indicted for the crime of robbery, committed by the use of dangerous and deadly weapons upon the person of one John Hamilton, putting him in fear and taking from him the sum of ten dollars, on the eighteenth day of August, 1870, in Fremont county, Iowa. No question is made upon the sufficiency of the indictment, requiring it to be set out at length.

At the September term, 1873, the defendant was arraigned and pleaded "not guilty," and at the March term, 1874, was tried and convicted and sentenced to imprisonment in the penitentiary for the term of two years. The defendant appeals.

*J. L. Mitchell*, for appellant.

When property is taken under claim of right, although the claim be unfounded, the act does not constitute robbery even when force or threats are used. (1 Wheeler's Crim. Cases, 167; 2 East. P. C., 510; 1 Hale, 506–7; 1 Leach, 43; *People v. Hall*, 6 Parker's Crim. Rep., 642; Roscoe's Crim. Ev., 894, and cases cited; 2 Russell on Crimes, 64, 98; 2 Archbold's Crim. Pleading and Practice, 366; Barbour's Crim. Treatise, 175; 8 Iowa, 540.) There is no felonious intent in appropriating property which the taker believes to be his own. (*People v. Hall*, 6 Parker, 612.) If one is induced by false pretenses to pay a debt he justly owes, no indictment will lie therefor. (2 Bish. Crim. Law, 442.)

*M. E. Cutts, Attorney General*, for the State.

MILLER, CH. J.—The evidence given on the trial shows that about the eighteenth day of September, 1873, the defendant drove up with a team to the place of business of John Hamilton, in McPaul, Fremont county, Iowa, drew a revolver and threatened Hamilton that if he did not pay him (defendant) money, which the latter claimed was due him from Hamilton, he would shoot him (Hamilton); that defendant demanded a settlement and the payment of the amount due him, admitting that he owed Hamilton a small store account which he consented might be deducted from what he claimed of Hamilton, for calves sold to him by defendant. Hamilton expressed himself ready to settle, and in addition to the account presented to defendant his note procured by Hamilton from a third party, and which, with the account, exceeded the claim of the defendant. The defendant refused to receive the note, but persisted in his demand for payment of the balance of his claim, after deducting the store account, and in his threats of violence in case Hamilton refused. Under these threats Hamilton paid defendant $10.60, being the balance due him, less twenty cents, and a half sack of flour, which was in consideration of former transactions between them. After getting the money and the flour the defendant left without trying to take or demanding

anything else. This occurred in the afternoon. The defendant had been at Hamilton's store in the morning, and they then had a quarrel.

Appellant proposed to prove that the day prior to the alleged robbery Hamilton had gone to the residence of the defendant for the purpose of purchasing of him some calves; that defendant told Hamilton that his (defendant's) family had been sick for a long time, that he was poor, and his family were out of groceries and provisions and in need of medicines, none of which he could buy without money; that he had nothing else out of which he could make the money, and was therefore compelled to sell the calves, otherwise he would not sell them at all; that they agreed upon the price, Hamilton paying five dollars down and agreeing that the defendant should come to town the next morning and he (Hamilton) would pay him the balance, after deducting a small account held by Hamilton against defendant, in money; that the defendant agreed to this and delivered the calves to Hamilton, who took them home with him. The defendant further proposed to prove that Hamilton had purchased the note on the defendant after he had bought and agreed to pay for the calves in cash. All of this evidence the court rejected, and also ruled from the jury all the evidence before given in regard to the note. The defendant also proposed to prove that the money received from Hamilton was applied in payment of his claim for the calves sold. This was also rejected.

In robbery, as in larceny, it is essential that the taking of the goods be *animo furandi*. Unless the taking be with a felonious intent it is not robbery. If a man, under a *bona fide* belief that the property is his own, obtain it by menaces, that is a trespass, but no robbery. *Rex v. Hall*, 3 Car. & P., 409; Hawkins' Pleas of the Crown, Ch. 34, Sec. 14. Though the defendant take the goods with violence or by putting in fear, yet if he do so under a *bona fide* claim, it is not robbery for the reason that the felonious intent is wanting; 2 Arch. Crim. P. and P., 366; Roscoe's Crim. Ev., 7th Am. Ed., 910, and cases cited in the notes; *Rex v. Donnelly*, 1 Leach, p. 196; 2 Am. Crim. Law, Sec. 1697, and cases cited; and see 1 Russell on Crimes, 872.

1. CRIMINAL law: robbery: evidence.

If one be induced by false pretenses to pay a debt which he justly owes, already due, no indictment will lie therefor. Bishop on Crim. L., Vol. 2, 442, and cases cited.

In the case of *The People v. Hall*, 6 Parker's Crim. Reports, 642, it was held that if the defendant believed that he was getting his own property back or security for it, then there was no felonious intent. This case not only holds that it is not robbery for a man to take by force or putting in fear property to which he believes he has a just right, but also that to take security for such property under like circumstances is not robbery.

If it be not robbery to forcibly take property from another as a security for that to which the defendant in good faith lays claim as the owner thereof, we do not see how it can be said to be robbery where the defendant by putting in fear compels his debtor to pay that which the defendant in good faith believes to be a just and honest debt then due. The felonious intent is wanting in the latter as well as in the former case. There is no fraud or injury intended in either case. The intent in both is to obtain that which he believes to be his own and nothing more. This rebuts the inference of a felonious intent that would arise from the forcible and unlawful taking. See *The State v. Bond*, 8 Iowa, 540.

In all cases of this kind the question whether the act was done with a felonious intent is one of fact for the jury. *People v. Hall*, 6 Parker's Cr. R., *supra*. The evidence rejected by the court below tended to show that there was no felonious intent on the part of the accused, and it should have been admitted for that purpose. While the evidence rejected did not afford a justification of the act of the defendant, it was admissible to show that it was not a felony, and in this case might authorize a verdict of not guilty of the crime of robbery for which he is indicted.

It may be proper to say that although, in the absence of a felonious intent, it is not robbery to compel, by means of threats of personal violence and menaces, the payment of money against the will of the party menaced, it is nevertheless an offense under the statutes of Iowa.

The act is unlawful and punishable under section 3871 of the Code, which provides for the punishment of malicious threats with intent to extort money or property, or with intent to compel the person threatened to do some act against his will, and the case comes within this section although the object and purpose of the threats have been accomplished.

The judgment of the district court must be reversed and the cause remanded for a new trial.

REVERSED.