## COMMONWEALTH *vs.* ANDREW J. LYNN.

Suffolk.    June 28. — September 4, 1877.    AMES, J., absent.

At the trial of an indictment for an assault, there was evidence that A. agreed to sell to B. the business of a firm of which A. and C. were members; that the bill of sale and B.'s promissory note for a part of the consideration were, by agreement of all the parties, deposited with C., to be retained by him until B. should pay the balance of the consideration ; that afterwards B. obtained possession of the bill of sale without paying or offering to pay the balance, and, in endeavoring to recover this paper, C. committed upon A. the assault complained of.  The judge instructed the jury that the defendant had the right to use the force necessary to prevent B. from keeping the bill of sale, if it was rightfully in the possession of the defendant ; but that, if the sale to B. was fraudulent, B. would have a right to retain the bill of sale.  *Held,* that the defendant had good ground of exception.

INDICTMENT for an assault with a pistol upon one Paul. Trial in the Superior Court, before *Bacon,* J., who, after a verdict of guilty, allowed a bill of exceptions, the substance of which appears in the opinion.

*H. E. Swasey,* for the defendant.

*C. R. Train,* Attorney General, for the Commonwealth.

COLT, J.  A bill of sale from one Shackford to Paul, conveying the interest of the former in the business of Lynn & Shackford, together with Paul's negotiable note for part of the consideration agreed on, were deposited with the defendant, upon an agreement between the parties that the latter should keep these papers in his possession until Paul should pay the balance of the purchase money, and then should deliver the note to Shackford and the bill of sale to Paul.

On the day following this transaction, Paul obtained possession of the bill of sale, upon expressing a desire to see the papers, without paying or offering to pay the balance.  The assault complained of was committed in the immediate attempt by the defendant to recover this paper.  Paul testified at the trial that

he believed some fraud had been practised on him in the sale of the property, and that he intended to carry away the bill of sale.

The judge instructed the jury that the defendant had the right to use the force necessary to prevent Paul from keeping the bill of sale, if the same was rightfully in the possession of the defendant, or if the defendant was entitled to the possession of it. But he added that if, upon the evidence, they found the transaction between Shackford and Paul a fraud, or an attempted fraud, to which the defendant was a party, or of which he had knowledge, then Paul would have a legal right to retain the bill of sale for the purpose of preventing a consummation of the fraud.

This last instruction was erroneous; for, assuming that there was evidence that the sale to Paul was accomplished by a fraud upon him, yet he could only avoid the contract by restoring or offering to restore the other party to his former position, and surrendering all claim to the bill of sale. He had no right to obtain possession of the paper without paying the price agreed, and then hold it for the purpose of compelling the defendant to give up the contract and surrender the consideration. The law does not allow to a party injured such a mode of redress. He is not permitted to defeat one wrong by practising another.

If there was no evidence to warrant the jury in finding the alleged fraud, then the instruction was calculated to mislead the jury, and was erroneously given.

It is not necessary to consider whether the act proved constituted an assault, or whether the assault proved was justifiable. These questions, upon a new trial, may come up in a very different form.                              *Exceptions sustained.*