Schwenke v. Union Depot & R. Co. et al.

1. Assault and Battery — Justification by Officer — Nonsuit. —
To sustain a motion for a nonsuit, the court, looking at the evidence
in the most favorable light for the plaintiff in which the jury would
be at liberty to view it, must be able to say that there is no evi-
dence which would justify a verdict for him, or such a clear and
decided preponderance of evidence against him as would require
the court to set aside a verdict in his favor.

2. In an action for damages for an assault and battery it appeared
that the defendant was an officer, and that the alleged assault was
made on the occasion of the arrest of plaintiff by defendant. But
it did not appear that plaintiff attempted to resist arrest in any
way; and he and other witnesses testified that he was thrown
down by defendant, and that the latter got upon him with his
knees; and a physician who attended plaintiff the next day testi-
fied to the serious character of his injuries. *Held*, that the grant-
ing of a nonsuit was error.

## *Appeal from Superior Court of Denver.*

This action was brought to recover damages for an as-
sault and battery alleged to have been committed upon
the appellant, George W. Schwenke, by the appellee,
John W. McLean. The alleged connection of the appel-
lee, the Union Depot & Railroad Company, with the
transaction is set forth in the fifth paragraph of plaintiff's
complaint, in the following language, to wit: "(5) That
the said defendant, John W. McLean, was then and there
in the employ of the said defendant company as a watch-
man, and committed the wrongs and grievances herein-
after set forth at the instigation and under the directions
and commands of and with the full knowledge of the
said defendant, the Union Depot & Railroad Company."

The appellees answered separately; the company, in
its answer, denying all the allegations of the complaint
except those contained in the fifth paragraph thereof.
The appellee, McLean, in addition to denying all the ma-
terial allegations of the complaint, justifies under the
claim that he was at the time both a deputy-sheriff of
the county and a member of the police force of the city

of Denver, and that the acts complained of were committed by him in the discharge of his duties as an officer in arresting the appellant for a threatened breach of the peace. The new matter in the answer was denied in the replication.

The pleading and evidence also show that the appellant claimed to be the owner of certain lots adjoining the property upon which the Union depot building in the city of Denver is located, and that his only means of ingress and egress to and from said lots was a certain alley, which alley, prior to the time of the alleged assault and battery, the authorities of the city of Denver had attempted to vacate and appropriate to the use of the defendant company; and that, for the better use of its premises, the company had constructed a high board fence next to the appellant's lots, but upon the territory formerly included in said alley. Trouble arose between the defendants and plaintiff in reference to this fence, and upon the 24th day of June, A. D. 1884, the plaintiff sent an employee to remove said fence, who removed the same by sawing off from below, the posts, and causing the fence to fall in upon appellant's lots; appellant standing by at the time, directing the work, and keeping a lookout for the company's watchman, the appellee, McLean, who, upon the falling in of the fence, rushed in upon the appellant's premises and arrested him; which said arrest and the subsequent treatment of the appellant by the defendants while so under arrest are the acts here complained of. At the trial, upon the conclusion of the evidence for the plaintiff, the case was taken from the jury by the court, and a judgment of nonsuit entered. To reverse this judgment the plaintiff brings the case here by appeal.

Messrs. W. B. FELKER and J. A. BENTLEY, for appellant.

Messrs. TELLER & ORAHOOD, for appellee.

MR. JUSTICE HAYT delivered the opinion of the court.

Did the court err in taking the case from the jury and entering a judgment of nonsuit? An answer to this question involves an examination of the evidence introduced upon the trial. The appellant, who was a witness in his own behalf, testified, *inter alia*, that at the time he was arrested he demanded of McLean the production of a warrant, and that McLean first told him he had a warrant for his arrest, but afterwards told him he had none. The witness also testified that some one knocked him down and that McLean got upon him with his knees on his breast, and that when he (witness) got up he was all black and blue. Appellant further testified that he was so injured in the chest by McLean at the time as to cause him to spit blood, and that he had not recovered from such injuries at the time of the trial, more than a year thereafter. Upon cross-examination witness testified: "I had a pistol in my back pants-pocket. I did not attempt to draw it. * * * I did not do anything but demand a warrant."

George Blas, a witness for plaintiff, testified: "After the fence went down McLean came out with a stick, went into Schwenke's place and carried him out on the platform. He threw Schwenke down and had his knees on top of him. * * * All I saw McLean do was that he got him down, and got onto him with his knees, and I thought he was going to kill him." William Felker, another witness for plaintiff, also testified to the rough manner in which the defendant McLean treated the plaintiff. Dr. Elsner, who was called to attend the plaintiff upon the next day professionally, testified to the serious character of the injuries. These are all the witnesses examined at the trial with the exception of the defendant McLean, who was introduced by the plaintiff for the purposs merely of showing that he was in the employ of the defendant company as watchman at the time of the com-

mission of the grievances complained of, and upon cross-examination testified that he was also a policeman and deputy-sheriff.

It does not appear that the plaintiff made any effort to prevent arrest or to resist McLean in any way. Nothing in the evidence shows any justification or excuse for McLean's rough treatment of the plaintiff, and if it be conceded that the arrest was justifiable under the circumstances, this would not exonerate McLean from liability for the subsequent beating and bruising of the plaintiff. 2 Greenl. Ev. § 98; *Golden v. State*, 1 Rich. Law (N. S.), 292; *Boles v. Pinkerton*, 7 Dana, 453; *Kreger v. Osborn*, 7 Blackf. 74; *Baldwin v. Hayden*, 6 Conn. 453. ": Where an officer of justice is charged with assault and battery, it is a good defense to show that he was at the time engaged in the execution of his official duties and that the offense was committed in their discharge. No greater force, however, can be used than is necessary to effect the immediate object." 2 Whart. Crim. Law, par. 1260. And certainly in a civil action for damages the defense should not be extended beyond that allowed the officer if criminally prosecuted; and under the evidence the case at bar should have been submitted to the jury. *Hilliard v. Goold*, 34 N. H. 245; *Spensley v. Insurance Co.* 54 Wis. 433. In the case of *Hilliard v. Goold, supra,* the court said: "The true rule on this subject to be deduced from all the authorities would seem to be that whenever the justification of any act alleged to be wrongful and injurious is based on the exercise of authority, whether that authority be incident to the official character and duty of the party exercising it or arise from the misconduct of the opposite party and the necessities of the case, the question of the excess of such authority is to be determined by the jury upon the evidence submitted for their consideration, and not by the court." We are not to be understood as saying that a case of a similar nature might not arise in which the evidence would be

so entirely deficient in some essential particular as to make it the duty of the court, upon motion therefor, to enter judgment of nonsuit; but, to sustain a motion for that purpose, the court, looking at the evidence in the most favorable light for the plaintiff in which the jury would be at liberty to view it, must be able to say that there is no evidence which would justify a verdict for him, or such a clear and decided preponderance of evidence against him as would require the court to set aside a verdict in his favor. Civil Code of 1883, § 147; *Sutton v. Town of Wauwatosa*, 29 Wis. 32; *Spensley v. Insurance Co.*, *supra*. Tested by this rule, under the pleadings and evidence, the case should have been submitted to the jury. The judgment of the superior court must be reversed and the case remanded.

*Reversed.*