COMMONWEALTH *vs.* THOMAS DONAHUE.

Franklin.    January 14, 1889. — February 28, 1889.

Present: MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Assault — Owner's Retaking of Property by Force.*

One whose property is taken wrongfully by another may thereupon retake it from him, using no more than reasonable force; and what is such force is a question of fact for the jury.

HOLMES, J.   This is an indictment for robbery, on which the defendant has been found guilty of an assault. The evidence for the Commonwealth was, that the defendant had bought clothes, amounting to twenty-one dollars and fifty-five cents, of one Mitchelman, who called at the defendant's house, by appointment, for his pay; that some discussion arose about the bill, and that the defendant went upstairs, brought down the clothes, placed them on a chair, and put twenty dollars on a table, and told Mitchelman that he could have the money or the clothes; that Mitchelman took the money and put it in his

pocket, and told the defendant he owed him one dollar and fifty-five cents, whereupon the defendant demanded his money back, and, on Mitchelman refusing, attacked him, threw him on the floor, and choked him until Mitchelman gave him a pocket-book containing twenty-nine dollars. The defendant's counsel denied the receiving of the pocket-book, and said that he could show that the assault was justifiable, under the circumstances of the case, as the defendant believed that he had a right to recover his own money by force, if necessary. The presiding justice stated that he should be obliged to rule, that the defendant would not be justified in assaulting Mitchelman to get his own money, and that he should rule as follows: " If the jury are satisfied that the defendant choked and otherwise assaulted Mitchelman, they would be warranted in finding the defendant guilty, although the sole motive of the defendant was by this violence to get from Mitchelman by force money which the defendant honestly believed to be his own." Upon this the defendant saved his exceptions, and declined to introduce evidence; the jury were instructed as stated, and found the defendant guilty.

On the evidence for the Commonwealth, it appeared, or at the lowest the jury might have found, that the defendant offered the twenty dollars to Mitchelman only on condition that Mitchelman should accept that sum as full payment of his disputed bill, and that Mitchelman took the money, and at the same moment, or just afterwards, as part of the same transaction, repudiated the condition. If this was the case, — since Mitchelman, of course, whatever the sum due him, had no right to that particular money except on the conditions on which it was offered, *Commonwealth* v. *Stebbins*, 8 Gray, 492, — he took the money wrongfully from the possession of the defendant, or the jury might have found that he did, whether the true view be that the defendant did not give up possession, or that it was obtained from him by Mitchelman's fraud. *Commonwealth* v. *Devlin*, 141 Mass. 423, 431. *Chisser's case*, T. Raym. 275, 276. *Regina* v. *Thompson*, Leigh & Cave, 225. *Regina* v. *Stanley*, 12 Cox C. C. 269. *Regina* v. *Rodway*, 9 C. & P. 784. *Rex* v. *Williams*, 6 C. & P. 390; 2 East P. C. c. 16, §§ 110, 113. See *Regina* v. *Cohen*, 2 Den. C. C. 249, and cases *infra*. The de-

fendant made a demand, if that was necessary, which we do not imply, before using force. *Green* v. *Goddard*, 2 Salk. 641. *Polkinhorn* v. *Wright*, 8 Q. B. (N. S.) 197. *Commonwealth* v. *Clark*, 2 Met. 23, 25, and cases *infra.*

It is settled by ancient and modern authority, that, under such circumstances, a man may defend or regain his momentarily interrupted possession by the use of reasonable force, short of wounding or the employment of a dangerous weapon. *Commonwealth* v. *Lynn*, 123 Mass. 218. *Commonwealth* v. *Kennard*, 8 Pick. 133. *Anderson* v. *State*, 6 Baxter, 608. *State* v. *Elliot*, 11 N. H. 540, 545. *Rex* v. *Milton*, Mood. & Malk. 107. Y. B. 9 Ed. IV. 28, pl. 42; 19 Hen. VI. 31, pl. 59; 21 Hen. VI. 27, pl. 9. See *Seaman* v. *Cuppledick*, Owen, 150; *Taylor* v. *Markham*, Cro. Jac. 224, *S. C.* Yelv. 157, and 1 Brownl. 215; *Shingleton* v. *Smith*, Lutw. 1481, 1483; 2 Inst. 316; Finch, Law, 203; 2 Hawk. P. C. c. 60, § 23; 3 Bl. Com. 121. To this extent the right to protect one's possession has been regarded as an extension of the right to protect one's person, with which it is generally mentioned. *Baldwin* v. *Hayden*, 6 Conn. 453. Y. B. 19 Hen. VI. 31, pl. 59. *Rogers* v. *Spence*, 13 M. & W. 571, 581. 2 Hawk. P. C. c. 60, § 23. 3 Bl. Com. 120, 131.

We need not consider whether this explanation is quite adequate. There are weighty decisions which go further than those above cited, and which hardly can stand on the right of self-defence, but involve other considerations of policy. It has been held, that, even where a considerable time had elapsed between the wrongful taking of the defendant's property and the assault, the defendant had a right to regain possession by reasonable force, after demand upon the third person in possession, in like manner as he might have protected it without civil liability. Whatever the true rule may be, probably there is no difference in this respect between the civil and the criminal law. *Blades* v. *Higgs*, 10 C. B. (N. S.) 713; 12 C. B. (N. S.) 501; 13 C. B. (N. S.) 844; and 11 H. L. Cas. 621. *Commonwealth* v. *McCue*, 16 Gray, 226, 227. The principle has been extended to a case where the defendant had yielded possession to the person assaulted, through the fraud of the latter. *Hodgeden* v. *Hubbard*, 18 Vt. 504. See *Johnson* v. *Perry*, 56 Vt. 703. On the other hand, a distinction has been taken between the

right to maintain possession and the right to regain it from another who is peaceably established in it, although the possession of the latter is wrongful. *Bobb* v. *Bosworth*, Litt. Sel. Cas. 81. See *Barnes* v. *Martin*, 15 Wis. 240; *Andre* v. *Johnson*, 6 Blackf. 375; *Davis* v. *Whitridge*, 2 Strobh. 232. 3 Bl. Com. 4. It is unnecessary to decide whether, in this case, if Mitchelman had taken the money with a fraudulent intent, but had not repudiated the condition until afterwards, the defendant would have had any other remedy than to hold him to his bargain if he could, even if he knew that Mitchelman still had the identical money upon his person.

If the force used by the defendant was excessive, the jury would have been warranted in finding him guilty. Whether it was excessive or not was a question for them; the judge could not rule that it was not, as matter of law. *Commonwealth* v. *Clark*, 2 Met. 23. Therefore the instruction given to them, taken only literally, was correct. But the preliminary statement went further, and was erroneous; and coupling that statement with the defendant's offer of proof, and his course after the rulings, we think it fair to assume that the instruction was not understood to be limited, or, indeed, to be directed to the case of excessive force, which, so far as appears, had not been mentioned, but that it was intended and understood to mean that any assault to regain his own money would warrant finding the defendant guilty. Therefore the exceptions must be sustained.

It will be seen that our decision is irrespective of the defendant's belief as to what he had a right to do. If the charge of robbery had been persisted in, and the difficulties which we have stated could have been got over, we might have had to consider cases like *Regina* v. *Boden*, 1 C. & K. 395, 397; *Regina* v. *Hemmings*, 4 F. & F. 50; *State* v. *Hollyway*, 41 Iowa, 200. Compare *Commonwealth* v. *Stebbins*, 8 Gray, 492; *Commonwealth* v. *McDuffy*, 126 Mass. 467. There is no question here of the effect of a reasonable but mistaken belief with regard to the facts. *State* v. *Nash*, 88 N. C. 618. The facts were as the defendant believed them to be.          *Exceptions sustained.*

*J. McIlvene*, for the defendant.

*A. J. Waterman*, Attorney General, for the Commonwealth.