## BUELL HEMINWAY vs. MERRITT HEMINWAY.

New Haven & Fairfield Cos., Jan. T. 1890.  ANDREWS, C. J., CARPEN-
TER, LOOMIS, TORRANCE and FENN, Js.

The plaintiff, a stockholder and director in a manufacturing company, but
who was engaged in organizing a rival company, obtained the letter file
of the former company at its office and was taking memoranda from it
for the benefit of the rival company.  On being requested by the defend-
ant, who was the secretary of the company and had charge of its papers,
to return it, he refused to do so, and the defendant thereupon forcibly
took it from him, inflicting some personal injury but using no more
force than was necessary.  Held, in an action for the assault, that the
act of the defendant was justifiable.

Directors of a corporation have no right under any circumstances to use
their official positions for a purpose hostile to the corporation.

[Argued January 28th—decided March 3d, 1890.]

ACTION for an assault, brought to the District Court of
Waterbury, and tried to the court before *Bradstreet, J.*  Facts
found and judgment rendered for the plaintiff, and appeal by
the defendant.  The case is fully stated in the opinion.

*C. R. Ingersoll* and *S. W. Kellogg*, for the appellant, cited
Gen. Statutes, §1953; 1 Morawetz on Private Corp., §§ 517–
520; *The King* v. *Merchant Tailors' Co.*, 2 Barn. & Adol.,
115; *Williams* v. *Gravel Road Co.*, 45 Ind., 170; *Rosenfeld*
v. *Einstein*, 46 N. Jer. Law, 479; *Pratt* v. *Meriden Cutlery
Co.*, 35 Conn., 36.

*D. F. Webster*, for the appellee, cited, with regard to the
plaintiff's rights as a director, Gen. Statutes, §§ 1950–1953;
Cook's Stock & Stockholders, § 511; *People* v. *Throop*, 12
Wend., 183; *Lewis* v. *Brainerd*, 53 Verm., 510, 519; *Huylar*
v. *Cragin Cattle Co.*, 40 N. Jer. Eq., 392; *Commonwealth* v.
*Phœnix Iron Co.*, 105 Penn. St., 111.  And with regard
to the defendant's liability for the assault, *Sampson* v. *Hen-
ry*, 13 Pick., 36; *Commonwealth* v. *Haley*, 4 Allen, 318;
*Churchill* v. *Hulbert*, 110 Mass., 42.

ANDREWS, C. J.   The defendant was on the day named in
the complaint the secretary of the M. Heminway & Sons Silk
Company, a joint stock corporation located at Watertown,
and as such had the charge and custody of the office and of
all the papers of that corporation.   On that day the plaintiff
came into the office of the corporation, took the letter file
from the place where it was usually kept, and commenced
to look it over and to make memoranda from the letters and
bills contained therein.   The defendant requested the plaint-
iff to return the letter file to him, as he wanted it.   The
plaintiff refused to give it up, and thereupon the defendant
forcibly took it from him, using no more force than was ne-
cessary for that purpose, but in so doing scratched the plaint-
iff's hands so that the blood came; which was the assault
alleged in the complaint.   The plaintiff was a stockholder
in and a director of the corporation, and he claims that he
rightfully refused to return the letter file to the defendant
by reason of his so being a stockholder and a director.   The
finding also shows that he had been engaged with others in
organizing, and that he was active in the management of,
another silk company in the same town, rival to the one
above named, and that he was using the letter file at the
time of the alleged assault and taking memoranda therefrom
for the benefit of such other company.

It may be admitted that a stockholder or a director in a
joint stock corporation has the right at any reasonable and
proper time to examine and inspect the books and papers of
the corporation, whenever it is necessary to do so for the
protection of his interests as a stockholder or for the per-
formance of his duties as a director.   The statement of this
right implies that such examination could not be had at any
other time or for any other purpose : and it clearly implies
that such examination could not be rightfully had for a pur-
pose hostile to the corporation.   " The directors or trustees
of a corporation, in accepting their appointment, impliedly
undertake to give the company the benefit of their best care
and judgment, and to use the powers conferred upon them
solely in the interest of the corporation.   They have no right

under any circumstances to use their official positions for the benefit of any one except the corporation. It is a general rule that the power conferred upon an agent must be exercised to advance the interest of the principal and for no other purpose." 1 Morawetz on Corporations, § 517. See also *Alford* v. *Miller*, 32 Conn., 543; *Hoyle* v. *Plattsburgh & Montreal R. R. Co.*, 54 N. York, 314.

When the plaintiff was using the letter file for the benefit of his rival company he was misusing his power and betraying his trust as a director of the M. Heminway & Sons Company. His being a director in that company, so far from being an excuse to him for refusing to return the letter file upon request, was an imperative reason why he should have complied with the request. A breach of his duty as a director does not excuse or palliate his breach of the law in withholding the letter file from its authorized custodian.

"It is settled by ancient and modern authority that under such circumstances a man may defend or regain his momentarily interrupted possession by the use of reasonable force, short of wounding or the employment of a dangerous weapon." *Commonwealth* v. *Donahue*, 148 Mass., 529; *Baldwin* v. *Hayden*, 6 Conn., 453; *State* v. *Elliott*, 11 N. Hamp., 540; *Commonwealth* v. *Lynn*, 123 Mass., 218.

There is error and the judgment is reversed.

In this opinion the other judges concurred.