[No. 5811.]

## BUFFINGTON v. SUSSEX REAL ESTATE AND INVESTMENT COMPANY.

Nonsuit — Where the testimony produced by the defendant in support of his counterclaim makes a prima facie case, a nonsuit as to the counterclaim is error.

*Error to Denver District Court*—Hon. PETER L. PALMER, Judge.

Mr. PERCY S. MORRIS, Mr. T. E. WATERS and Mr. D. J. DAVIES for plaintiff in error.

Mr. JOHN F. MAIL for defendant in error.

*On Rehearing.*

Mr. JUSTICE MUSSER delivered the opinion of the court:

This action was brought by the appellee against the appellant to recover one month's rent for certain premises. The defendant admitted the occupancy and set up a counterclaim, claiming that, at the time she leased the premises, the plaintiff agreed to make repairs, which it failed to do, whereby she

was damaged. At the close of defendant's case, the
court directed a judgment of nonsuit against the
defendant on her counterclaim, and a verdict for
plaintiff as prayed in its complaint. It is conceded
that, if there is testimony to show that, at the time
the premises were leased to defendant, the plain-
tiff, as a part of the agreement of lease, agreed to
make repairs and failed to do so, to the injury of
defendant, the court ought not to have nonsuited de-
fendant nor directed a verdict. While the testimony
of defendant is not as clear as it might be, a reason-
able conclusion that can be drawn from it is, that
on March 7, she went into the house to take posses-
sion of the furniture therein, which was owned by
the then tenants and upon which she held a mort-
gage. At the time she had no contract with the
owner of the premises. Immediately after she went
into possession, the agents of plaintiff came to the
house and a contract was then made, wherein the
plaintiff agreed to make repairs and to let the house
to defendant at a certain rental, and the defendant
agreed to take the house and pay the stipulated rent,
and a few days thereafter she paid the rent for the
first month. It is true that an officer of the company,
whose deposition was introduced by the defendant,
testified that a conversation took place before March
7th between the defendant and three officers of the
company, wherein it appeared that the defendant
wanted to rent the premises, and the plaintiff's
agent said she could have it at a certain rental, and
wherein it was said that, after a time, probably two
months in the future, the house was to be papered.
However, this conversation, as related by the wit-
ness, does not make it clearly appear that the de-
fendant actually rented the house at that time. The
conversation, as set out in the record, has more the

appearance of a statement of terms upon which the house would be rented than a finished contract. It does not appear that the defendant said she would take the house upon the terms offered. From the testimony, it is fair to conclude that the conversation was more a negotiation with reference to a lease than a contract of lease. It is apparent that the court, looking at the evidence in the most favorable light for the defendant in which a jury would be at liberty to view it, would be bound to say that there is evidence which would justify a verdict for her. It was said, in *Schwenke v. The Union D. & R. Co.*, 12 Colo. 341, that to sustain a motion for a nonsuit, "the court, looking at the evidence in the most favorable light for the plaintiff in which the jury would be at liberty to view it, must be able to say that there is no evidence which would justify a verdict for him."

On the whole, therefore, the record shows sufficient evidence for the defendant that, as a part of the contract of lease the plaintiff agreed to repair, to require rebuttal from the plaintiff. We must, therefore, adhere to our former conclusion that this case should be reversed and the nonsuit and verdict set aside.

The judgment is reversed and the cause remanded, with instructions to set aside the nonsuit and verdict and to proceed with the action in accordance with law.

*Reversed and remanded.*

CHIEF JUSTICE STEELE and Mr. JUSTICE WHITE concur.

Decided December 6, A. D. 1909; rehearing granted February 7, A. D. 1910; opinion adhered to on rehearing May 2, A. D. 1910.