COMMONWEALTH *vs.* HARRY E. LEVENSON.

Middlesex.   October 20, 1924. — January 8, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Larceny. False Pretences. Attorney at Law. Practice, Criminal,* Requests for instructions.

At the trial of an indictment against an attorney at law for larceny of money by false pretences, there was evidence tending to show that one indicted for receiving stolen goods retained the defendant and made an arrangement with him whereby he was to pay the defendant for defending him $500, a part of which was to be used for making restitution to those injured by the thefts, and the balance was to be kept by the defendant as his own for his services; that after that sum was paid to the defendant, there was an interview between the defendant, an assistant district attorney, and an attorney for the persons from whom the goods had been stolen, after which the defendant told his client that $200 more was needed for restitution, and the client paid that sum to him; and that the statements as to the amount needed for restitution were false. The defendant denied making the representation that the $200 additional was needed for restitution and testified that he simply asked his client for $200 more. *Held,* that

(1) A verdict of guilty was warranted;

(2) The false pretence which induced the payment might well have been found on all the evidence to have been a representation that, at the interview above described, a larger sum had been demanded in restitution by the attorney representing the persons from whom the goods had been stolen than had been anticipated or foreseen when the contract as to payments by the client to the defendant had been made;

(3) Such representation might have been found to be, not a promissory representation nor a statement as to future expectation, but an assertion of a past or present fact.

There was evidence at the trial above described that the additional payment, made to the defendant upon his representation after the interview with the assistant district attorney and the attorney above described, was made in the form of a $50 Liberty bond and $150 in cash. *Held*, that the inference well might have been drawn from all the evidence that such payment was intended to pass title to the defendant, who might make the restitution to the injured owners in any form of security satisfactory to him and them.

An instruction by the judge to the jury at the trial above described in substance that, if the sum paid to the defendant after his representation to his client following the interview with the assistant district attorney and the other attorney was merely a balance due upon a contract made between him and his client, the client had no interest in the amount of the restitution and it would make no difference whether such contract was lawful or not, was sufficiently favorable to the defendant; and it was not error for the judge to refuse further to instruct the jury in terms to the effect that if the defendant received from the client only money enough to pay what was actually due him, then he should be found not guilty.

An exception to a refusal to give to a jury an instruction premised on an assumption of facts not warranted by any evidence before them must be overruled.

INDICTMENT, found and returned on November 9, 1921, charging in a first count that the defendant obtained money by false pretences from one James Hughes, in a second count that he obtained money by false pretences from one Ernest Linegar, and in a third count that he obtained money by false pretences from both James Hughes and Ernest Linegar.

In the Superior Court, the indictment was tried before *Hammond*, J. In the course of the cross-examination of Linegar, a witness for the Commonwealth, relative to the incidents of March 26, 1921, described in the opinion, he was asked, in substance, whether he knew of "any misrepresentation or lie" or "any false representation" that the defendant had told or made to him after the time he first reached the court house on March 26, 1921. The question was excluded. The defendant was permitted to ask the witness if the defendant made any representation on March 26, 1921, and, if so, what it was.

Other material evidence is described in the opinion. At the close of the evidence, the defendant moved that a ver-

dict of not guilty be entered. This motion was granted as to the first and the third counts of the indictment, and was denied as to the second count. The defendant then asked for the following rulings, among others:

"6. If you find that on March 26, 1921, the defendant only received at the time from Linegar or from Hughes or from both money enough to pay what was actually due him, then you should find the defendant not guilty.

"7. If you find that the defendant made representations only for the purpose of getting the money due him, and not for the purpose of obtaining money not due him, then you should find the defendant not guilty."

The above rulings were refused. The defendant was found guilty on the second count and alleged exceptions.

The case was submitted on briefs.

*L. A. Mayberry*, for the defendant.

*A. K. Reading*, District Attorney, *R. T. Bushnell*, Assistant District Attorney, *& A. Leonard*, Assistant District Attorney, for the Commonwealth.

RUGG, C.J. The defendant was tried upon an indictment charging larceny, in that he did, with intent to defraud, "obtain by false pretences certain divers sums of money of the value of more than one hundred dollars of the property of Ernest Linegar."

There was evidence tending to show that the defendant, then a member of the bar, was retained by one Hughes and one Linegar, to defend them, each being under indictment for receiving stolen goods. Hughes testified that he made an arrangement with the defendant whereby he was to pay the latter $4,000 in return for which the defendant guaranteed with respect to the indictment that "nothing will happen, the worst would be probation"; that it was understood that out of this sum the defendant was to pay whatever might be necessary in way of restitution to the persons injured by the thefts and keep the rest as his own for services; that he paid the defendant $3,800, leaving a balance on March 26, 1921, of $200. Linegar testified that he made an arrangement with the defendant whereby he was to pay the latter $500 for defending him, a part of which was to be used for

making restitution to those injured by the thefts, and the balance was to be kept by the defendant as his own for his services, and that prior to March 26, 1921, he had paid to the defendant $500. On that date the three were at the Court House and the defendant, after conference with an assistant to the District Attorney and an attorney representing those from whom the goods received by Hughes and Linegar had been stolen, told both Hughes and Linegar that more money was needed, and then told Linegar that $200 more must be paid for restitution and that Linegar made that payment to the defendant. There was further ample evidence to the effect that the statement that $200 more was needed by way of restitution was wholly false and that the defendant paid in settlement by way of restitution at that time only $950, and subsequently only $140 more, and that these sums were all the money that was thus paid. The testimony of the defendant in substance was that Hughes agreed to pay him $4,000 and Linegar, $500; that he at the time made full disclosure of his payments by way of restitution; that he made no statement to the effect that $200 additional was needed for restitution, and that he simply asked Linegar for $200, which was paid to him on request, and that that payment completed the amount due to him from both defendants.

The request for the direction of a verdict in favor of the defendant upon this state of the evidence was denied rightly. The false pretence which induced the payment might well have been found on all the evidence to be that a larger sum had been then and there demanded in restitution by the attorney representing the persons from whom the goods had been stolen than had been anticipated or foreseen when the contract as to payments to the defendant had been made. It might have been found to be, not a promissory representation nor a statement as to future expectation, but an assertion of a past or present fact. *Commonwealth* v. *Drew*, 19 Pick. 179. *Commonwealth* v. *Althause*, 207 Mass. 32. There is no disposition on the part of the court, either in criminal or civil cases, to extend legal immunity for falsehoods beyond bounds already established. *Mabardy* v. *McHugh*, 202

Mass. 148, 149. *Commonwealth* v. *Quinn*, 222 Mass. 504, 513.

There was sufficient evidence to support a finding that the alleged representation was false. If the testimony of the witnesses other than the defendant was believed, there was no rational escape from that conclusion.

The inference well might have been drawn from all the evidence that the payment of $150 in cash and a $50 Liberty bond made by Linegar to the defendant was intended to pass title to the latter, who might make the restitution to the injured owners in any form of security satisfactory to him and them.

The defendant requested that an instruction be given to the jury to the effect that, if the defendant received from Linegar or Hughes or from both only money enough to pay what was actually due him, then he should be found not guilty. This request, so far as sound, was given in substance. The contention of the defendant was set out at length in the charge. To that statement no exception was taken. The jury then were told plainly that, if the sum paid on March 26, 1921, was merely the balance due upon a contract made by the defendant with Linegar and Hughes, then the latter had no interest in the amount of the restitution and it would make no difference whether such contract was lawful, or not. That was sufficiently favorable to the defendant. Plainly it was open to the jury to find that it was not paid for that purpose in the minds of any of the parties.

The defendant further prayed for an instruction that, if " the defendant made representations only for the purpose of getting the money due him, and not for the purpose of obtaining money not due him, then " he should be found not guilty. This was denied rightly. There was no evidence on which such a finding justly could rest. The defendant gave no testimony of that nature. His testimony was that he made no misrepresentations whatever and that he simply insisted upon performance of a contract made with him. The evidence of the witnesses called in behalf of the Commonwealth was diametrically opposed to that given by

the defendant and was that the defendant demanded the $200 solely because it was necessary, as he said, in order to make the restitution demanded. The defendant had no right to an instruction of the character requested. *Commonwealth* v. *Hassan*, 235 Mass. 26, 32. *Plummer* v. *Boston Elevated Railway*, 198 Mass. 499, 516. *Walsh* v. *Adams*, 245 Mass. 1, 10. *Director General of Railroads* v. *Eastern Steamship Lines, Inc.* 245 Mass. 385, 401. *McDonough* v. *Vozzela*, 247 Mass. 552, 560. The request was inapposite to the record. Therefore it is unnecessary to determine whether the request was sound in law. Compare *Commonwealth* v. *McDuffy*, 126 Mass. 467, *Commonwealth* v. *Burton*, 183 Mass. 461, and *Commonwealth* v. *Peakes*, 231 Mass. 449, 457.

There was no error in the rulings respecting evidence. The several questions put to the witness Linegar on cross-examination, as to what false representations were made to him, were not necessarily admissible. They called for an opinion as to the law in the light of inferences to be drawn from evidence. *Commonwealth* v. *Burton*, 183 Mass. 461, 473.

Other exceptions to evidence have not been argued and are treated as waived.

*Exceptions overruled.*