COMMONWEALTH *vs.* SIDNEY WHITE.

Suffolk.    June 7, 1977. — June 30, 1977.

Present: HALE, C.J., GRANT, & BROWN, JJ.

*Robbery.    Larceny.    Practice, Criminal,* Charge to jury.

At the trial of an armed robbery indictment at which the defendant had testified that the victim owed the defendant money for wages, the defendant was entitled to have the judge instruct the jury that the defendant should be acquitted on so much of the indictment as charged robbery and stealing if the jury should find that the defendant honestly and reasonably believed that the money he took from the victim represented a debt actually due from the victim to the defendant. [485-489]

INDICTMENTS found and returned in the Superior Court on November 11, 1976.

The cases were tried before *Hallisey,* J.

*Thomas Hoffman* for the defendant.
*Joseph E. Coffey,* Assistant District Attorney (*Edward M. Burns* with him) for the Commonwealth.

GRANT, J.    The defendant has appealed from his conviction by a jury on an indictment (No. 97-662) under G. L. c. 265, § 17,[1] which alleges that on December 29, 1975, the defendant, "being armed with a dangerous weapon, to wit: a rifle, did assault J. Welton Harris, with intent to rob him and thereby did rob and steal from the person of the said ... Harris, money of the amount and of the value in all of seventy-two dollars, of the property of said ... Harris."[2] The only question raised by the relevant assignment of error is whether the judge erred in refusing to grant the substance of one of the defendant's requests for instructions to the jury.

On the evidence presented by the Commonwealth it was open to the jury to find that on the evening in question the defendant carried a loaded rifle into a barroom in the Roxbury district of Boston; that he walked up to the bar, where Harris was seated, pointed the rifle at Harris, and said, "Give me some money, or I will blow your f ... ing head off"; that Harris gave the defendant an undetermined amount of money; that the defendant then departed the barroom with the general remark that "I will blow any-

---

[1] General Laws c. 265, § 17, as appearing in St. 1952, c. 406, § 1, provides in relevant part: "Whoever, [1] being armed with a dangerous weapon, [2] assaults another and [3] robs, [4] steals or [5] takes from his person money or other property which may be in the subject of larceny shall be punished...." The numbers in brackets have been inserted for ease of reference in the body of the opinion.

[2] The defendant has also appealed from his conviction on an indictment (No. 97-661) under G. L. c. 269, § 10(*a*), for carrying a rifle on his person without having a firearm identification card but has conceded in his brief that the only point raised with respect to that conviction was decided against him in *Commonwealth* v. *Jones,* 372 Mass. 403 (1977). The defendant has abandoned his appeals from his convictions on so much of two companion indictments (Nos. 97-659 and 97-660) under G. L. c. 265, § 15, as charged him with assaults by means of a dangerous weapon (G. L. c. 265, § 15B). Those two convictions rest on evidence concerning an incident other than the one described in the body of our opinion.

body else's head off in here, too, that gets involved"; and that when arrested shortly thereafter, the defendant had $51 in his possession. Harris did not testify.[3]

On the defendant's testimony it was open to the jury to find that during the two-year period prior to the evening in question the defendant had worked for Harris "off and on" in a grocery store owned by Harris and located in a building adjoining the barroom; that Harris owed the defendant $50 in wages; that on the evening in question the defendant had borrowed a dollar from someone in the barroom; that the defendant had then had a conversation with Harris in the barroom during which he had asked Harris for $50 and Harris had refused to give him any money; that the defendant then went to the grocery store, secured the rifle, and returned to the barroom; that when the defendant returned he "want[ed] to get back [his] money"; that upon returning he said to Harris, "Give me the money that you owe me"; that Harris "just threw up the money, up on the counter"; that the defendant had not pointed the rifle at Harris; that the defendant took the money Harris produced and left the barroom; and that the defendant believed that the money he had in his possession when he was arrested ($51) was (except for the one dollar already referred to) the money that Harris owed him.

The defendant submitted the following request for instruction: "If the defendant believed that the money he acquired from Mr. Harris on December 29, 1975, was actually his money, defendant is not guilty of a charge of larceny and therefore, not guilty of robbery." The request was refused, subject to the defendant's exception, and the judge charged the jury instead that "it . . . is . . . no defense to this charge that the defendant in good faith believed that this was the proper and correct way to collect the debt."

The indictment in this case was framed under the "robs"

---

[3] It seems likely that this was because the case was unexpectedly called for trial at a time during the summer when Harris was on vacation.

and "steals" language of G. L. c. 265, § 17 (see the portions of that section bracketed as [3] and [4] in note 1, *supra*), under which one of the essential elements of the crimes charged is an intention to steal. *Commonwealth* v. *Richards*, 363 Mass. 299, 302 (1973).[4] The defendant argues with some force that he was entitled to his requested instruction because it was open to the jury to find on his testimony that he honestly believed that he was taking his own money from Harris and that if the jury had so found, they could not have found the requisite intent to steal and would have been obliged to acquit the defendant of larceny (see *Commonwealth* v. *Novicki*, 324 Mass. 461, 465-466 [1949]) and thus of robbery. No case in Massachusetts has decided the precise question presented by the defendant's request, but the indications are that the defendant is correct in his contention.

In *Commonwealth* v. *Weld*, Thacher's Crim. Cas. 157 (Boston Mun. Ct. 1827), the indictment was for the felonious taking of a deed from a registry of deeds. There was evidence, and the defendant contended, that there had been no felonious taking because the defendant had honestly believed that he was entitled to have the deed returned to him without its being recorded.[5] The judge charged the jury (at 163) that "if [the defendant] honestly thought that he had a right to the paper, it excludes the idea of a felonious taking." The defendant was acquitted. In *Commonwealth* v. *Low*, Thacher's Crim. Cas. 477 (Boston Mun. Ct. 1837), the defendant was charged with feloniously stealing certain promissory notes by misuse of trustee process. The judge charged the jury (at 480) that "[t]he question of [the defendant's] intention is for the jury in all cases, and it is to be inferred from all the circumstances of the case" and (at 485) that "[i]f the defendant has satisfied you, or you believe from all the evi-

---

[4] The indictment was not framed under the alternative "takes from his person money" language of § 17 which is bracketed as [5] in note 1.

[5] The defendant was represented by Lemuel (later Chief Justice) Shaw.

dence in the case, that [the defendant] acted with good faith on his part, that he reasonably believed that he had a good cause of action . . . , and that he might lawfully use this trustee process in this manner, to obtain security for his demand, that will negative the felonious intent, and will authorize you to give a verdict of acquittal." The jury found the defendant not guilty.[6]

The case of *Commonwealth* v. *McDuffy,* 126 Mass. 467 (1879), was concerned with a prosecution for larceny by false pretenses under a statutory forerunner of the present G. L. c. 266, § 30 (1). It has been said on several subsequent occasions that the principle in question in that case is "that if the sole purpose of a false pretense is to procure from the person deceived the performance of a duty owed by that person to the prisoner, like the payment of a liquidated debt which is in fact due, there is no intention to defraud." *Commonwealth* v. *Burton,* 183 Mass. 461, 466 (1903). *Commonwealth* v. *Peakes,* 231 Mass. 449, 457 (1918). *Commonwealth* v. *Zaleski,* 3 Mass. App. Ct. 538, 543-544 (1975). See also *Commonwealth* v. *Stebbins,* 8 Gray 492, 493, 495 (1857); *Commonwealth* v. *Levenson,* 250 Mass. 440, 444-445 (1925); *Commonwealth* v. *Louis Constr. Co. Inc.* 343 Mass. 600, 605 (1962).

The implications of the cited cases are confirmed by the authoritative writers in the field of criminal law. ". . . By the prevailing view, which seems to be sound, no larceny is committed if the taking is open, — that is, in the presence of the owner or of others or followed by a full and frank disclosure — and with a bona-fide belief in the right to collect the debt in that manner. In the words of Bishop: 'In reason, one has no more privilege to steal the effects of his debtor than those of any other person. But a trespass is not theft, except when done with felonious intent. And he who carries away a thing openly, and not clandestinely, to enforce a just claim, not for fraud, not to injure the owner, but to compel him to do what the law requires, is not a thief, whatever the extent of the wrong viewed otherwise.' And with very few exceptions the authorities hold it is not

---

[6] This defendant was represented by Rufus Choate.

robbery to enforce the payment of a just debt by force or intimidation. Such improper self-help may be a statutory felony, or the common-law misdemeanor of assault or assault and battery, but it is not robbery because an intent to collect what is justly due does not constitute *animus furandi*..." (citations omitted). Perkins, Criminal Law 271 (2d ed. 1969). Of similar import are Anderson, Wharton's Criminal Law & Procedure § 456, at 90-91 (1957), and LaFave & Scott, Criminal Law § 88, at 638, and § 94, at 693-695 (1972).

Based on the foregoing authorities and on the testimony of the defendant which has already been summarized, we are of the opinion that the defendant was entitled to an instruction to the effect that he should be acquitted on so much of the present indictment as charges him with robbery and stealing (larceny) if the jury should find that the defendant honestly and reasonably believed that the money he took from Harris represented a debt actually due from Harris to the defendant. The defendant's request was a bit wide of the mark in the sense that it did not postulate an honest belief on the defendant's part, but it was close enough to require the judge to give the substance of an instruction such as that formulated in the preceding sentence hereof. See and compare *Commonwealth* v. *Corcione*, 364 Mass. 611, 618 (1974); *Pierce* v. *Nawn, ante,* 224, 225-226 (1977).

Nothing we have said in this opinion is to be taken as any indication that we approve the use or threat of violence to collect a debt. Even if this defendant should be acquitted on so much of the present indictment (No. 97-662) as alleges a robbery and a larceny, he could still be convicted on so much of that indictment as alleges a simple assault or an assault by means of a dangerous weapon.[7] See G. L. c. 265, §§ 13A and 15B; *Commonwealth* v. *Novicki,*

---

[7] In such event there would be no duplication of the offence for which the defendant already stands convicted under indictment No. 97-660. As pointed out in note 2, *supra,* that indictment was directed to an assault different from any which may be involved under indictment No. 97-662.

324 Mass. at 465-466; *Commonwealth* v. *Domanski,* 332 Mass. 66, 76 (1954). Compare *Commonwealth* v. *Eaton,* 2 Mass. App. Ct. 113, 117-118 (1974). We note that G. L. c. 265, § 13C, provides serious criminal penalties for the commission of "an assault and battery upon another for the purpose of collecting a loan." And, as we have already indicated (note 4, *supra*), it is possible to frame an indictment under G. L. c. 265, § 17, which does not require proof of a larcenous intent.

The judgment on indictment No. 97-661 is affirmed; the judgment on indictment No. 97-662 is reversed, and the verdict on that indictment is set aside.

*So ordered.*