COMMONWEALTH *vs.* JOHN A. ANSLONO. March 10, 1980. We conclude that the defendant's conviction by a jury of larceny of a motor vehicle (G. L. c. 266, § 28) must be reversed because the judge's instructions to the jury in many and diverse ways deprived the defendant of his constitutional right to a fair and impartial trial.

1. The Commonwealth's case proceeded on the theory that the defendant legitimately acquired possession of the victim's automobile for the purpose of making minor repairs, that the defendant decided to steal the car, and that the defendant thereafter completed the theft by selling the vehicle to a third person without the owner's authority, covering his tracks with an inflated repair bill and questionable title documents. The defendant presented evidence that the vehicle needed more repairs than originally anticipated, that the bill tendered for the repairs was reasonable, and that the owner refused to pay the bill. The defendant testified in substance that he felt he held good title to the car by reason of the unpaid bill, the length of time the car had been left with him (over one year), and by his possession of a "release" signed by one Bowman, who was alleged to be the only other person, apart from the victim, possessing a title interest in the vehicle.

On the evidence, the judge was required to instruct the jury clearly and correctly, in a fair and impartial manner, on the substantive elements of the crime charged, with particular attention to the crucial question of the existence of a larcenous intent. *Commonwealth* v. *Porter*, 10 Met. 263, 283 (1846). *Commonwealth* v. *Carson*, 349 Mass. 430, 435 (1965). *Commonwealth* v. *Kelley*, 359 Mass. 77, 92 (1971). *Commonwealth* v. *Corcione*, 364 Mass. 611, 618 (1974). Of course, it is beyond the need for citation that the judge was also required to define adequately the concept of reasonable doubt.

The judge's threadbare and general discussion of the elements of the crime failed to provide the jury with any real guidance on the elements of the offense. His instructions on the question of. larcenous intent were largely meaningless, and he omitted entirely an instruction that the defendant was entitled to an acquittal if he honestly and reasonably believed

that he had title to, and the right to sell, the motor vehicle. *Commonwealth* v. *Stebbins*, 8 Gray 492, 495 (1857). *Commonwealth* v. *White*, 5 Mass. App. Ct. 483, 485-488 (1977).

Further, the judge on several occasions in the course of the charge adopted the role of an advocate who was convinced of the defendant's guilt. For example, in discussing the defendant's claim of title to the car, the judge stated "there is no evidence that I have heard and certainly no evidence that I can say that you have heard which in any way justifies or authorized Mr. Anslono to sell that car . . . ." This observation was directly contrary to the evidence and improperly trespassed on the function of the triers of fact by telling the jury how to view the testimony and what inferences to draw from the evidence. *Commonwealth* v. *Cote*, 5 Mass. App. Ct. 365, 369-370 (1977). Contrast *Commonwealth* v. *Therrien*, 371 Mass. 203, 206-207 (1976). To worsen matters, the judge also prejudicially eroded the defense position by addressing the issue of guilt in these terms: "The fact of the matter is that if you do violate a statute, you are technically guilty of a larceny, and that's what you have in this situation here." Still later the judge added: "The question is simply this: Did [the victim] own the car and leave it there? If he did, there has been no process, no due process which Mr. Anslono followed by which he could sell that car. So, therefore, he would technically be guilty of larceny. His only out in this case is if you . . . [the jury] believe that Bowman owned the car." Finally, the cryptic instructions on reasonable doubt — virtually identical to those the same judge delivered in *Commonwealth* v. *Sneed*, 376 Mass. 867 (1978) — were "correct only in their reference to moral certainty, and . . . so brief and casual as to trivialize the important concept of proof beyond a reasonable doubt." *Id.* at 869. They bore little resemblance to the time-tested language of *Commonwealth* v. *Webster*, 5 Cush. 295, 320 (1850). We conclude that the charge, from beginning to end, utterly failed to focus the jurors on their task and instead perversely sought to, and did, command the result.

2. We cannot accept the Commonwealth's argument that the failure of the defendant's trial counsel to object to the charge bars relief. This omission is consistent only with ineffective representation (*Commonwealth* v. *Rondeau*, 378 Mass. 408, 412 [1979]), and may be accounted for in part by the judge's intimidation of defense counsel throughout the trial. We also cannot accept the contention that the trial transcript is not properly before us on appeal. Our examination of the record of the hearing on the motion for a new trial indicates that defense counsel was stifled in her efforts to address the specifics of the motion by the judge's criticism of her and by his attempt to sweep the problems raised by the trial under the rug through a revision of the defendant's sentence. At the hearing, defense counsel scrupulously saved her rights on the denial of the motion. Constitutional error of this severity has never lacked a remedy. *Commonwealth* v. *Freeman*, 352 Mass. 556, 563-564 (1967). *Commonwealth* v. *Benders*, 361 Mass. 704, 707-708 (1972).

It is not necessary to reach the issues presented by the judge's order concerning the motion for recusal. The order denying the motion for new trial is reversed. The judgment is reversed, the verdict set aside, and the case is remanded to the Superior Court for a new trial.

*So ordered.*

*Mark G. Miliotis* for the defendant.

*James W. Sahakian*, Assistant District Attorney, for the Commonwealth.