COMMONWEALTH vs. WALTER E. LARMEY, JR.

Suffolk.   February 12, 1982. — August 3, 1982.

Present: BROWN, ROSE, & SMITH, JJ.

*Robbery.  Larceny.  Practice, Criminal,* Instructions to jury.

A criminal defendant was entitled to have the jury instructed that they
    must acquit him on so much of the indictments against him as charged
    robbery and larceny, if they found that the defendant took money
    from the victims under a mistaken, but honest and reasonable, belief
    that it had been stolen by the victims and with the intent of returning
    it to its rightful owners.  [283-285]

INDICTMENTS found and returned in the Superior Court
Department on May 12, 1980.

The cases were tried before *Meyer, J.*

*Elliot R. Levine* for the defendant.

*Gary C. Crossen,* Assistant District Attorney, for the
Commonwealth.

SMITH, J.   The defendant has appealed from his convic-
tion by a jury on two indictments for armed robbery.[1]   The
defendant and his codefendants readily admitted taking
money from the victims but maintained that the money was
obtained under the honest and good faith belief that the vic-
tims had, in turn, stolen the money and credit cards from
two unidentified women and that it was the intention of the
defendants to recover the stolen items and return them to
the women.   The defendant's main contention on appeal is
that the judge erred in refusing to grant the substance of the
defendant's request for an instruction to the jury in regard
to his theory of defense.[2]

---

[1] Two codefendants were convicted on identical charges but neither ap-
pealed.

[2] In addition to his main contention, the defendant claims that the
judge erred in not giving four other instructions to the jury.  A reading of

On the evidence presented by the Commonwealth it was open to the jury to find that during the early morning hours of April 5, 1981, the victims, two young men, were walking on Clarendon Street in Boston. They were accosted by the defendant and the two codefendants, riding in a car. The men asked the victims if they had any credit cards to sell and when the question was ignored, the defendant got out of the car and said, "I know you have the credit cards. I know you took them from the girls."[3] The defendant and another (holding a hatchet and a hammer, respectively) demanded money which was given to them. No credit cards were found on the victims. The young men reported the incident to the police and the defendants were arrested shortly after the incident.

On the testimony presented by the defense,[4] it was open to the jury to believe that the defendants were in an automobile and saw two women being mugged. The defendants stopped the car to see if they could assist the two women. After determining that the women were not injured they drove after the assailants. As the defendants left, the unidentified women informed them that they would wait for them at a nearby delicatessen. The defendants caught sight of the victims (whom they believed to be the assailants), pulled up alongside them and began to ask them questions about the robbery. The victims ran and the defendants pursued and caught them and they forced the victims to give them the money which they believed to be money stolen from the two women. The codefendants testified that at

---

the judge's charge indicates that the judge adequately covered the substance of the four requested instructions and there was no error.

[3] This evidence which was helpful to the defendant's cause was given in response to a question asked of one of the victims by the prosecutor. On cross-examination, the same witness testified that the defendant had accused them of taking the women's money as well as their credit cards. In addition, one of the arresting officers testified that the victims had stated that the defendants said, at the time of the incident, that two girls had been robbed and that the defendants did not want the young men in the neighborhood.

[4] The defendant did not testify but both codefendants did.

the time that they were stopped by the police shortly after the incident they were heading back to the delicatessen to meet the women and return the money. They were unable to locate the women at the time of trial.

The defendant submitted the following request for an instruction: "If you find, as you may find in this case, that the money was taken from the two persons with intent to returning [*sic*] it to the two women who are [*sic*] claimed to be robbed, then you must find the defendants not guilty." This request was refused and the judge made no mention in his charge of the defendant's theory of defense.

The indictments in this case were framed under the "robs" and "steals" language of G. L. c. 265, § 17, as appearing in St. 1952, c. 406, § 1, and therefore, one of the essential elements of the crimes charged is an intent to steal. *Commonwealth* v. *Richards*, 363 Mass. 299, 302 (1973). *Commonwealth* v. *White*, 5 Mass. App. Ct. 483, 486 (1977). The defendant claims that he was entitled to his requested instruction because the jury could have found from the evidence presented on the Commonwealth's[5] and the defendants' case that the defendant took the money under a mistaken but honest and reasonable belief that it had been stolen and with the intent of returning it to its rightful owners. If the jury so found, he contends they could not then have found the requisite intent to steal and would have been required to acquit the defendant of larceny, and thus of robbery. No case in Massachusetts has decided the precise question raised by the defendant but an analysis of related cases in Massachusetts and other jurisdictions indicate that the defendant is correct in his assertion.

There are cases in Massachusetts that hold that honest and reasonable mistakes of fact can negate larcenous intent. In *Commonwealth* v. *White, supra,* this court held that the defendant was entitled to an instruction to the effect that he should be acquitted if the jury should find that he took money from the victim under the honest and reasonable be-

---

[5] See n.3.

lief that it represented a debt due him. See also *Commonwealth* v. *Anslono,* 9 Mass. App. Ct. 867 (1980) (robbery conviction of auto mechanic reversed where, among other things, judge failed to instruct jury that the defendant was entitled to acquittal if he honestly and reasonably believed that he had title to and the right to sell the automobile involved).

Although these two Massachusetts cases are not directly on point, as they involve defendants who claimed that the money or other property that was the subject of the taking actually belonged to them, other jurisdictions have recognized that larcenous intent requirements are not satisfied if there has been a taking of property under the belief that it belongs to a third person and with the intent to return the property to its rightful owner or otherwise to dispose of it according to the instructions of the third party. See *State* v. *Webster,* 230 S.W. 2d 841, 842 (Mo. 1950) (instruction that defendant should be acquitted is required if jury concluded that defendant took another's hogs at the direction of his father and believing them to belong to his father). See also *Mays* v. *Commonwealth,* 265 Ky. 558, 560 (1936) (defendant entitled to instruction that he should be acquitted if the jury believed that property was taken under good faith belief that it belonged to third party who had authorized the defendant to take it). *Dean* v. *State,* 41 Fla. 291, 293 (1899) ("In all cases where one in good faith takes another's property under claim of title in himself, he is exempt from the charge of larceny . . . . And the same is true where the taking is on behalf of another believed to be the true owner").

These decisions are in accordance with the views taken by major commentators in criminal law. See 3 Torcia, Wharton's Criminal Law § 365, at 339 (14th ed. 1980) (A person is not "guilty of larceny when he believes in good faith that the person who gave him permission to take the property was authorized to do so or that the person whom he assisted in the taking had a right thereto"). Also see LaFave & Scott, Criminal Law § 88, at 638 (1972) ("One may take the property of another honestly but mistakenly believing . . . [though

he knows it is another's property] that the owner has given him permission to take it as he did. [In such a case], he lacks the intent to steal").

As framed by the defendant, the requested instruction was not directly on point as it did not assume an honest and reasonable belief on behalf of the defendant,[6] but it was "close enough" (see Commonwealth v. White, 5 Mass. App. Ct. at 488) to require the judge to give the substance of an instruction that the defendant should be acquitted on so much of the indictments as charged him with robbery and stealing (larceny) if the jury should find that the defendant honestly and reasonably believed that the money he took from the victims had been stolen by them from the two women and that he intended to return it to them. There was sufficient evidence to warrant the submission of the defendant's theory to the jury, especially in view of the testimony of one of the victims in regard to the remarks of the defendant at the time of the incident. (See n.3.[7])

The judgments are reversed, the verdicts set aside, and the case is remanded to the Superior Court for a new trial.

*So ordered.*

---

[6] The requested instruction in Commonwealth v. White, 5 Mass. App. Ct. 483, 488 (1977), suffered from the same defect. In Commonwealth v. White, supra, the court held that the requested instruction was "close enough" to require the judge to give the substance of the instruction. There is nothing in Commonwealth v. Sherry, 386 Mass. 682 (1982), to the contrary. In that case, the court held that a judge did not have to give a requested instruction as to mistake of fact because the instruction was not based on a *reasonable good faith* mistake of fact (emphasis supplied). The court held that the judge correctly instructed the jury as to the essential elements of the crime. In this case we hold that the judge failed to instruct the jury properly as to the essential element of a specific intent.

[7] It should be understood that we do not approve of the use or threat of violence in circumstances similar to this case. Even if the defendant is acquitted on so much of the present indictments as alleges a robbery or larceny, he could still be convicted on so much of the indictments as charges simple assault or an assault by means of a dangerous weapon. *Commonwealth* v. *White, supra* at 488.