COMMONWEALTH *vs.* GEORGE NEWHOOK. No. 92-P-527. July 14, 1993.
*Robbery. Intent. Practice, Criminal*, Instructions to jury.

In this appeal from his conviction of armed robbery, the defendant argues that the Superior Court judge erred in denying his request that the jury be instructed that his honest and reasonable belief that the money he took was owed to him could negate the intent element of robbery. We agree and reverse the conviction.

The essential facts before the jury were as follows: At about 9:00 P.M. on July 9, 1991, David Bean stopped his car on route 128 to pick up the hitchhiking defendant. Upon the defendant's offer to pay for gasoline if Bean would take him closer to Lawrence, Bean agreed he would go beyond his intended exit at Billerica. When Bean stopped his car at an exit ramp on route 495 in Lowell so the defendant could go on by himself, the defendant offered to pay for the gasoline before leaving. The defendant presented what he announced was a fifty-dollar bill. Bean, who thought five dollars had been agreed to as the payment, testified he had taken two twenty-dollar bills and a five-dollar bill from his wallet to make change for fifty dollars when he concluded that the bill the defendant had presented was a ten-dollar bill. After stating he must have dropped the fifty-dollar bill in the car, the defendant initiated a search for it, in which Bean assisted. The defendant subsequently opened the passenger door and continued his search from outside the car. Bean testified that when he stated he was late and urged the defendant to leave, the defendant replied it would be unfair if Bean were to go off with his fifty dollars, and accused him of stealing the money. The defendant then reached across the seat and grabbed the forty-five dollars from Bean's hand. Bean stepped out of the car and a struggle ensued. Bean testified that he stopped struggling after the defendant cut him with a knife. The defendant denied having a knife or attacking Bean.

Although the defendant's claim that he had a fifty-dollar bill was weakened during cross-examination and contradicted by conflicting evidence, his defense, that he honestly and reasonably believed that the money he took was due him, was thoroughly insinuated in the trial and was more than a bald assertion. The Commonwealth directed much of its efforts toward challenging the factual basis for such a belief, and both closing arguments addressed the issue. There were no limitations on the presentation of evidence on this matter. In the circumstances, "the defendant was entitled to [a requested] instruction to the effect that he should be acquitted on so much of the [armed robbery] indictment as charges him with robbery . . . if the jury should find that the defendant honestly and reasonably believed that the money he took from [the alleged victim] represented a debt actually due from [the victim] to the defendant." *Commonwealth* v. *White*, 5

Mass. App. Ct. 483, 488 (1977). The defendant, prior to trial, submitted a written request for an instruction, essentially following the language suggested in *Commonwealth* v. *White, supra.* That request, renewed in the charge conference and after the judge instructed the jury, improperly was denied.

Relying on the judge's instruction that the prosecution was required to prove that the defendant took the money with the specific intent to steal it, the Commonwealth argues that the jurors, therefore, were not precluded "from accepting the defendant's argument that he . . . honestly and reasonably believed the victim's money was due him" and that any error in failing to give the requested instruction, therefore, was harmless. This contention fails to recognize that the defense of honest and reasonable belief may negate the element of a specific and felonious intent to steal. *Commonwealth* v. *White, supra* at 487-488. See *Commonwealth* v. *Larmey,* 14 Mass. App. Ct. 281, 283 (1982); 1 LaFave & Scott, Substantive Criminal Law § 8.5(d) (1986); 1 Robinson, Criminal Law Defenses § 4(a)(2), at 22-23, and § 109(b) (1984); 4 Torcia, Wharton's Criminal Law § 470, at 44-45 (14th ed. 1981). While the judge correctly instructed as to the necessity of proof of specific intent, he did not adequately apprise the jury that the defense invoked by the defendant could negate the element of intent, or that it was the Commonwealth's burden to disprove the defense beyond a reasonable doubt.

"There was sufficient evidence to warrant the submission of the defendant's theory to the jury, especially in view of the testimony of . . . the victim[] in regard to the remarks of the defendant at the time of the incident." *Commonwealth* v. *Larmey, supra* at 285. In view of that evidence, the defendant was "entitled" to his requested instruction, *Commonwealth* v. *White, supra* at 488. See *Commonwealth* v. *Larmey, supra* at 285 n.6; *Commonwealth* v. *Anslono,* 9 Mass. App. Ct. 867, 867-868 (1980).

We find no merit in the defendant's other contentions that there was insufficient evidence to withstand his motion for a required finding of not guilty; that his request for an instruction on the lesser included offense of larceny should have been given; that opinion testimony improperly was admitted; or that he improperly was denied an opportunity to demonstrate the bias of the complainant. We also note that our decision is not to be construed as condoning the use or threat of force in the circumstances or preventing conviction on charges relating to assault or the use of a dangerous weapon.

Accordingly, the judgment on the indictment for armed robbery is reversed and the verdict is set aside; the judgment on the indictment for assault and battery by means of a dangerous weapon is affirmed.

*So ordered.*

*Jeffrey L. Baler* for the defendant.
*Rosemary D. Mellor,* Assistant District Attorney, for the Commonwealth.