COMMONWEALTH vs. LUIS M. GELPI.

Worcester. December 8, 1993. - January 4, 1994.

Present: LIACOS, C.J., WILKINS, NOLAN, LYNCH, & GREANEY, JJ.

*Practice, Criminal,* Assistance of counsel, Instructions to jury. *Constitutional Law,* Assistance of counsel.

At the trial of an indictment for armed robbery, the defendant was denied
   the effective assistance of counsel by his counsel's failure to request a
   jury instruction, warranted by the evidence, as to the defense of "honest
   and reasonable mistakes of fact" regarding ownership of the property
   allegedly stolen or to object to the judge's failure to give such an in-
   struction. [730-731]

INDICTMENTS found and returned in the Superior Court
Department on January 10, 1991.

The case was tried before *Herbert F. Travers, Jr.,* J.

After review by the Appeals Court, the Supreme Judicial
Court granted leave to obtain further appellate review.

*James P. McKenna,* Assistant District Attorney, for the
Commonwealth.

*Michael A. Cioffi* for the defendant.

NOLAN, J. A jury found the defendant guilty of armed rob-
bery of "cash, a cross and chain"; assault and battery by
means of a dangerous weapon (handgun); and larceny. The
larceny conviction was placed on file. The Appeals Court, in
an unpublished memorandum and order under its Rule 1:28,
reversed the armed robbery conviction and affirmed the con-
viction of assault and battery by means of a dangerous
weapon. 34 Mass. App. Ct. 1125 (1993). We granted the
Commonwealth's application for further appellate review.
The sole issue is whether the defendant was denied effective
assistance of counsel by failure of his trial counsel either to
request a jury instruction on the armed robbery charge as to

the defense of "honest and reasonable mistakes of fact" regarding ownership of property or to object to the judge's failure to give such instruction.

We reverse the conviction of armed robbery. The judgment of conviction of assault and battery by means of a dangerous weapon, affirmed by the Appeals Court, is not before this court.

The jury were warranted in finding that on August 2, 1990, the defendant confronted one Ryan Gauthier and displayed a black handle which Gauthier believed to be the handle of a gun. The defendant told Gauthier that he wanted one hundred dollars because Gauthier had been a witness against him in a prior court proceeding. When it was obvious that Gauthier did not have the money, the defendant demanded "collateral." The defendant demanded the gold chain and a cross that Gauthier was wearing around his neck. After borrowing one hundred dollars from a friend, Gauthier took it to the defendant who kept the money, the chain, and the cross.

A Leominster police officer testified that, when he went to the defendant's home, after advising him of his rights, he asked about Gauthier's accusation that the defendant had robbed him of one hundred dollars, a gold chain, and a cross. The officer said that the defendant protested that he had done nothing wrong and that Gauthier gave him the chain and the cross as collateral because he owed the defendant one hundred dollars as a result of "a deal . . . about a year ago." He could not remember the details of the deal.

An accused person is entitled to the effective assistance of counsel and the standard of ineffectiveness has been described as "behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer." *Commonwealth* v. *Saferian*, 366 Mass. 89, 96 (1974). An example of such conduct is the failure of counsel to pursue "an otherwise available, substantial ground of defence." *Id.* The charge of ineffective assistance here is specifically targeted on trial counsel's failure to request an instruction

consistent with the privileges enunciated in *Commonwealth v. White*, 5 Mass. App. Ct. 483, 488 (1977).

The armed robbery indictment charged that the defendant "did rob and steal." *Commonwealth* v. *Larmey*, 14 Mass. App. Ct. 281, 283 (1982). The defendant argues that, based on the evidence tending to prove that he had no intent to steal because he had an honest and reasonable belief that the property was his, the jury should have been so instructed. See *Commonwealth* v. *Anslono*, 9 Mass. App. Ct. 867, 867-868 (1980), and cases cited. Trial counsel neither requested such an instruction nor objected to the judge's failure to give one. The defendant was entitled to have the jury consider this evidence. If they had been properly instructed, and if they had believed the evidence of his honest belief, they would have found him not guilty of armed robbery, because the required element of "intent to steal" would have been missing. Counsel's failure in this regard was a serious omission. There is no merit to the Commonwealth's argument that the defendant was not entitled to such an instruction because the defendant's right to the property grew out of an illegal drug transaction. There is no evidence of such a transaction.

The judgment of conviction of armed robbery is reversed, the verdict set aside, and the case is remanded for a new trial.

*So ordered.*