## Commonwealth vs. Antonios Sarantos.

No. 08-P-1440.

Suffolk. November 10, 2009. - May 18, 2010.

Present: Rapoza, C.J., Smith, & Lenk, JJ.

*Practice, Criminal,* Required finding, Instructions to jury. *Workers' Compensation Act,* Fraud. *Larceny. False Pretenses.*

At the trial of an indictment charging the defendant with workers' compensation fraud, in violation of G. L. c. 152, § 14(3), the Commonwealth produced sufficient evidence for the jury to find beyond a reasonable doubt that the defendant falsely stated that he was not capable of working, or failed to disclose that he was in fact actually working, because he knew it would affect the payment of his workers' compensation benefits [729-731]; further, the evidence was sufficient to support the defendant's conviction of larceny over $250, in violation of G. L. c. 266, § 30, where the jury also could have found that the defendant made the false statement knowing that the Commonwealth would rely on it when he applied for and received his benefits [731].

At the trial of an indictment charging the defendant with larceny over $250, in violation of G. L. c. 266, § 30, the judge's instructions to the jury, which failed to provide that the defendant could not be found guilty of the crime of larceny if he honestly and reasonably believed that the property he procured by false statement was owed to him, did not create a substantial risk of a miscarriage of justice, where the judge's instructions carefully defined the crime and its four elements, including the requirement that the defendant had larcenous intent. [731-732]

Indictments found and returned in the Superior Court Department on August 17, 2005.

The cases were tried before *Stephen E. Neel, J.*

*Charles W. Rankin* (*Kerry A. Haberlin* with him) for the defendant.

*Argie K. Shapiro,* Assistant Attorney General, for the Commonwealth.

Rapoza, C.J. In April, 2002, the defendant was working as a lieutenant for the Department of Correction when he injured his

back trying to lift an inmate off the floor. As a result of his injury, the defendant received temporary total disability benefits from May, 2002, to September, 2002, pursuant to § 34 of the Workers' Compensation Act, G. L. c. 152.

Based on evidence that the defendant was working at a bar that he owned while collecting temporary total disability benefits, his workers' compensation benefits were terminated in September, 2002. The defendant was thereafter indicted on the charges of workers' compensation fraud, in violation of G. L. c. 152, § 14(3), and larceny over $250, in violation of G. L. c. 266, § 30. After a jury trial in October, 2006, the defendant was convicted on both counts.

*Discussion.* The defendant appeals from his convictions, challenging both the sufficiency of the evidence and the jury instructions.

1.*Sufficiency of the evidence.* The defendant first argues that there was insufficient evidence to convict him of workers' compensation fraud and larceny over $250. We view the evidence at trial in the light most favorable to the Commonwealth to determine whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Commonwealth* v. *Latimore,* 378 Mass. 671, 677 (1979), quoting from *Jackson* v. *Virginia,* 443 U.S. 307, 318-319 (1979).[1]

General Laws c. 152, § 14(3), inserted by St. 1991, c. 398, § 38, states, in relevant part, "[A]ny person who knowingly makes any false or misleading statement, representation or submission . . . or knowingly conceals or fails to disclose knowledge of the occurrence of any event affecting the payment, coverage or other benefit for the purpose of obtaining or denying any payment, coverage, or other benefit under this chapter; . . . shall be punished . . . ." The defendant argues that the Commonwealth failed to produce sufficient evidence that he knowingly made a false statement or failed to disclose

---

[1]While the defendant did not move for a required finding of not guilty at trial on the basis of sufficiency of the evidence, this does not change our standard of review. *Commonwealth* v. *Grandison,* 433 Mass. 135, 140 n.8 (2001), quoting from *Commonwealth* v. *McGovern,* 397 Mass. 863, 867 (1986) ("We consider the legal sufficiency of the evidence even if a defendant fails to move for a required finding of not guilty because 'findings based on legally insufficient evidence are inherently serious enough to create a substantial risk of a miscarriage of justice' ").

information that would affect the payment of his workers' compensation benefits. We disagree and affirm his conviction for workers' compensation fraud.

The Commonwealth introduced evidence at trial that an employee, such as the defendant, collecting temporary total disability benefits under G. L. c. 152, § 34, is deemed unable to work. There was also evidence that the disability checks sent to the defendant contained the following acknowledgment stamped on the back: "I acknowledge that the check is in payment of total disability benefits because of my inability to work during the claim compensable period indicated below. I also certify that during said claim compensable period, I was not able to work and did not work in self-employment or work with any other employer." In order to cash the check, the defendant had to sign his name directly above this acknowledgment.

The defendant maintains that his activities at the bar were performed solely in his capacity as owner and manager and that any money he received from the bar was simply a return on investment and did not constitute earnings that would affect his ability to collect workers' compensation benefits. This argument, the validity of which we do not consider, is inapposite to the conclusion we reach, which is simply that the defendant was capable of working when he claimed temporary total disability benefits. As such, the defendant committed fraud within the meaning of G. L. c. 152, § 14(3).

Indeed, there was considerable evidence at trial that the defendant, whether or not he was an investor in the bar, was an active participant in its day-to-day workings. In this regard, the jury could have found that the defendant rendered various services, including serving drinks and taking orders, escorting an intoxicated patron out of the bar, breaking up fights, fixing a pool table, and cleaning. One witness testified that he shared managerial duties with the defendant and that he and the defendant "split" coverage during the fifty to sixty hours the bar was open each week, though the defendant worked more than he did.

The defendant's activities at the bar, even if done solely in his capacity as an owner and manager, were sufficient for the jury to find beyond a reasonable doubt that the defendant falsely stated that he was not capable of working, or failed to disclose

that he was in fact working at the bar, because he knew it would affect the payment of his workers' compensation benefits.[2] The fact that the defendant was working at a bar that he owned, and not for an independent employer, does not change our conclusion, which rests on the fact that the evidence showed that the defendant was capable of working regardless of where he worked or whether he collected wages or any other earnings as a result.[3]

The defendant also argues that the evidence was insufficient to uphold his larceny conviction. The crime of larceny by false pretenses requires proof of the following elements: "(1) a false statement of fact was made; (2) the defendant knew or believed that the statement was false when he made it; (3) the defendant intended that the person to whom he made the false statement would rely on it; and (4) the person to whom the false statement was made did rely on it and, consequently, parted with property." *Commonwealth* v. *Mills*, 436 Mass. 387, 396-397 (2002).

We again conclude that the evidence was sufficient. For the reasons stated above, the jury could have found that the defendant knowingly made the false statement that he was incapable of working when in fact he was working at his bar. The jury also could have found that the defendant made this false statement knowing that it would be relied on when he applied for and received temporary total disability benefits. The evidence that the Commonwealth paid disability benefits to the defendant was sufficient for the jury to find that the defendant's false statement was relied upon.

2. *Jury instruction.* The defendant argues that the trial judge erred in not instructing the jury that he could not be found guilty of the crime of larceny if he honestly and reasonably

---

[2] The evidence was sufficient to convict the defendant under either the false statement theory (the defendant falsely stated that he was uncapable of working) or the failure to disclose theory (the defendant failed to disclose that he was capable of working) set out in G. L. c. 152, § 14(3). As such, we do not address the defendant's argument that his conviction cannot stand if either of the two theories is not supported by sufficient evidence.

[3] As we affirm the defendant's conviction solely on the basis that the evidence was sufficient to show that he falsely represented that he was unable to work, or failed to disclose that he was capable of working, we do not address the defendant's argument that the trial judge erred in not instructing the jury on examples of income that do not constitute wages within the meaning of the workers' compensation law.

believed that the property he procured by false statement was owed to him. In asserting this argument, the defendant relies on *Commonwealth* v. *Anslono,* 9 Mass. App. Ct. 867, 867-868 (1980) (*Anslono*). The defendant did not request this instruction at trial and did not object to the judge's failure to give it. Even if we were to agree that this instruction should have been given, we do not conclude that there is a risk justice has miscarried.

In *Anslono,* we reversed the defendant's conviction for larceny in part because the trial judge's instruction on the elements of the crime were "threadbare and general[,] . . . [h]is instructions on the question of larcenous intent were largely meaningless, and he omitted entirely an instruction that the defendant was entitled to an acquittal if he honestly and reasonably believed that he had title to, and the right to sell, the motor vehicle." 9 Mass. App. Ct. at 867-868. By contrast, the trial judge in the instant case carefully defined the crime of larceny, including that it requires that the defendant had "intent to defraud," and went on to lay out separately the four elements of the crime. The judge also reminded the jury that they must find that "each and every one of these four elements" of the crime was proven beyond a reasonable doubt. Thus, the jury, though not instructed in the exact manner the defendant now requests, were told that they must find that the defendant had larcenous intent, distinguishing this case from *Anslono.* We cannot conclude that had the instruction that the defendant now seeks been given it would have materially influenced the jury's verdicts. See *Commonwealth* v. *Alphas,* 430 Mass. 8, 13 (1999), quoting from *Commonwealth* v. *Freeman,* 352 Mass. 556, 564 (1967) ("An error creates a substantial risk of a miscarriage of justice unless we are persuaded that it did not 'materially influence[]' the guilty verdict").

*Judgments affirmed.*