**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 04-2406

GABRIEL CRUZ, III,

Petitioner, Appellant,

v.

MICHAEL T. MALONEY, COMMISSIONER OF THE MASSACHUSETTS
DEPARTMENT OF CORRECTION,

Respondent, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Patti B. Saris, U.S. District Judge]

Before

Torruella and Howard, Circuit Judges,
and Siler,[*] Senior Circuit Judge.

John M. Thompson for petitioner.
Eva M. Badway, Assistant Attorney General, Criminal Bureau, Massachusetts Department of Attorney General, with whom Thomas F. Reilly, Attorney General, was on brief, for respondent.

October 21, 2005

---

[*]Of the Sixth Circuit Court of Appeals, sitting by designation.

**SILER**, <u>Senior Circuit Judge.</u>  Petitioner Gabriel Cruz, III appeals the district court's denial of his petition for a writ of habeas corpus.  Cruz argues the state trial court improperly instructed the jury and that defense counsel was ineffective for failing to object to the erroneous jury instruction.  We **AFFIRM**.

## I.  BACKGROUND

In 1994, Cruz was part of a gang of four men who burglarized two apartments using a baseball bat and a firearm.  Tragically, seven-year-old Eve Rojas died of asphyxiation after her mouth and nose were bound with duct tape.  Cruz was subsequently convicted of first-degree murder, three counts of burglary with assault on an occupant, armed assault in a dwelling, four counts of stealing by confining or putting in fear, armed robbery, armed assault with intent to commit murder, and four counts of assault and battery by means of a dangerous weapon.  See Commonwealth v. Cruz, 714 N.E.2d 813 (Mass. 1999).  Cruz's first-degree murder conviction was obtained under a felony-murder rule theory, and he was sentenced to life in prison without parole.  His convictions were affirmed on appeal except for his burglary convictions; they were vacated because they merged with his first-degree murder conviction as lesser-included offenses.  See id. at 823-24.  At trial, the court instructed the jury that

> [t]he final element of the crime of felony murder, here,
> that the Commonwealth must prove, is that in the
> circumstances of this case, the defendant committed or
> attempted to commit the felony in question with a

-2-

conscious disregard for the risk to human life. The crime, the felony of burglary with assault on an occupant, is a crime that is defined in our law as inherently dangerous to human life.

If you find that the Commonwealth has proved beyond a reasonable doubt, that the defendant, Gabriel Cruz, committed, as a joint venturer, the unlawful killing of Eve Rojas, while in the course of committing the offense of a burglary with an assault on an occupant, you would be warranted in finding, without more, that he acted with a conscious disregard for the risk to human life, because that particular felony is inherently dangerous to human life.

Cruz's counsel did not object to this instruction.

In 2000, Cruz petitioned for habeas corpus relief pursuant to 28 U.S.C. § 2254. A United States magistrate judge issued a report and recommendation denying Cruz's petition. The magistrate judge later issued a supplemental report and recommendation again denying Cruz's petition. The district court adopted both reports and recommendations, concluding that Massachusetts state law permitted the trial court's instruction, the United States Court of Appeals for the First Circuit had rejected a similar argument, and Cruz's counsel was not ineffective because the instruction was consistent with state-law "settled precedent."

Nevertheless, the district court granted Cruz a certificate of appealability ("COA") on two issues: (1) whether the trial court violated Cruz's rights to trial by jury and due process of law by instructing the jury that the felony of burglary with assault on an occupant is inherently dangerous to human life; and (2) whether Cruz's counsel was ineffective in failing to object to that jury

-3-

instruction.  This court denied Cruz's motion for an expanded COA. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(c)(2).

## II.  DISCUSSION

Normally, this appeal would be governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  However, "AEDPA's strict standard of review only applies to a 'claim that was adjudicated on the merits in state court proceedings.'" Fortini v. Murphy, 257 F.3d 39, 47 (1st Cir. 2001) (quoting 28 U.S.C. § 2254(d)).  The Massachusetts Supreme Judicial Court ("SJC") decided Cruz's jury instruction claim solely as a matter of state law.  See Cruz, 714 N.E.2d at 818-19, 822 n.6.  Therefore, our review is *de novo*.  See Fortini, 257 F.3d at 47.  Cruz's ineffective assistance of counsel claim is also reviewed *de novo*. See id.

### 1.  The Jury Instruction

Cruz argues that the trial court violated his rights to a fair trial and due process because the instruction established a conclusive presumption that relieved the state of proving an essential element of the crime beyond a reasonable doubt – that he acted with a conscious disregard for the risk to human life.

The SJC analyzed the issue as follows:

> 3.  *Inherently dangerous felony instruction.*  The defendant asserts that the judge improperly stated that the felony of burglary with assault on an occupant is a crime that is inherently dangerous to human life.  The defendant's argument ignores settled precedent.  See Commonwealth v. Selby, [686 N.E.2d 1316 (Mass. 1997)]

-4-

(armed assault in dwelling "by its very nature . . . 'inherently dangerous to human life,' Commonwealth v. Claudio, 418 Mass. 103, 108, 634 N.E.2d 902 [1994] [armed burglary in dwelling with assault therein, under [Mass. Gen. Laws Ann. ch.] 266, § 14, is inherently dangerous felony and supported conviction for felony-murder"]).

Cruz, 714 N.E.2d at 818-19. The Cruz court reiterated that "burglary with assault on an occupant is inherently dangerous to human life, and thus, the conscious disregard for human life requisite for a finding of malice is presumed." Id. at 822 n.6.

Errors of state law are not a cognizable basis for federal habeas relief, and this court does not re-examine the SJC's determination of a state-law question. See Lewis v. Jeffers, 497 U.S. 764, 780 (1990). "Federal courts sitting in habeas must accept state court rulings on state law issues. An inquiry into the correctness of a ruling on state law issues 'is no part of a federal court's habeas review of a state conviction.'" Rodriguez v. Spencer, 412 F.3d 29, 37 (1st Cir. 2005) (quoting Estelle v. McGuire, 502 U.S. 62, 67 (1991)). The district court concluded that Cruz's claim "involv[ed] complicated matters of felony murder doctrine under state common law, not federal constitutional law[.]"

Cruz's habeas petition must be denied because Massachusetts law settles the issue. See McMillan v. Pennsylvania, 477 U.S. 79, 85 (1986) (states are left with the authority to prevent and deal with crime). "To make out a case of murder, the prosecutor need only establish that the defendant committed a homicide while engaged in the commission of a felony[.]" Commonwealth v. Gunter,

-5-

692 N.E.2d 515, 525 (Mass. 1998) (citations omitted). Thereafter, "[t]he effect of the felony-murder rule is to substitute the intent to commit the underlying felony for the malice aforethought required for murder. Thus, the rule is one of 'constructive malice.'" Id. (citations omitted). In Commonwealth v. Selby, 686 N.E.2d 1316, 1320 (Mass. 1997), the SJC reapplied the holding of Commonwealth v. Claudio, 634 N.E.2d 902 (Mass. 1994), that certain felonies by their very nature are inherently dangerous, including burglary with assault on an occupant and armed assault in a dwelling, so as to justify felony-murder convictions.

Here, the SJC conclusively determined that the felony-murder rule was properly applied to Cruz because the felony of burglary with assault on an occupant is inherently dangerous to human life. See Commonwealth v. Scott, 701 N.E.2d 629, 632 (Mass. 1998) ("There is no need to show a 'conscious disregard for human life because the risk is implicit in the intent required for [certain] felon[ies]'" and "[it] is *not* the province of the jury to determine whether a felony is inherently dangerous.") (citation omitted) (emphasis added). To reiterate, we cannot second-guess this state law decision on habeas review. See Pulley v. Harris, 465 U.S. 37, 41 (1983) ("A federal court may not issue the [habeas corpus] writ on the basis of a perceived error of state law."); Watkins v. Callahan, 724 F.2d 1038, 1043 (1st Cir. 1984) (rejecting arguments identical to Cruz's premised on identical rationale).

This is not a case where the trial court directed a guilty verdict due to a conclusive presumption of guilt. Cf. Sandstrom v. Montana, 442 U.S. 510, 522 (1979). Unlike the burglary with assault on an occupant charge, the trial court did not instruct the jury that "stealing by confining or putting in fear" is inherently dangerous. This is correct. See Scott, 701 N.E.2d at 632; Cruz, 714 N.E.2d at 821-22 ("burglary with assault on an occupant" is inherently dangerous, whereas "stealing by confining or putting in fear" was not specifically defined as such). The trial court's instruction boiled down to an issue of Massachusetts state law and Cruz's attempt to recast the issue in a constitutional light is unavailing. The prosecution still had to prove all elements of the charged crimes beyond a reasonable doubt. Although "conscious disregard" remains an element of the felony, Massachusetts has resolved to substitute it for malice in certain inherently dangerous felonies.

Moreover, this claim is procedurally defaulted. Cruz's counsel did not object to the complained-of instruction. Therefore, the SJC had to "determine whether the error created a substantial risk of a miscarriage of justice." See Commonwealth v. Alphas, 712 N.E.2d 575, 580 (Mass. 1999) (citations omitted); Commonwealth v. Curtis, 632 N.E.2d 821, 825 (Mass. 1994) ("[A]n appellate court considers an issue not properly preserved for appellate review only on the 'substantial risk of a miscarriage of

justice' standard . . . ."); Mass. R. Crim. P. 24(b) ("No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, specifying the matter to which he objects and the grounds of his objection.").[1]  Known as the "contemporaneous objection rule," see Commonwealth v. Fluker, 385 N.E.2d 256, 261 (Mass. 1979) (failure to object to instruction precludes state appellate review), this court has held that

> [i]n cases where defense counsel fails to make a timely objection, the state does not waive the objection, and the appellate decision rested on that ground, that is "a classic example of a procedural default, and petitioner can succeed in his habeas case only by showing cognizable cause for, and cognizable prejudice from, his procedural default or, alternatively, by demonstrating that the federal court's failure to address the claim on habeas review will occasion a miscarriage of justice."

Brewer v. Marshall, 119 F.3d 993, 1001-02 (1st Cir. 1997) (citations omitted).

Massachusetts consistently applies the contemporaneous objection rule and has not waived it here.  See Gunter v. Maloney, 291 F.3d 74, 79 (1st Cir. 2002) ("The SJC regularly enforces the rule that a claim not raised is waived.").  After considering Cruz's unpreserved argument and reviewing the instruction, the Cruz court ruled that his claim "ignore[d] settled precedent" and there was no substantial risk of a miscarriage of justice.  Cruz, 714

---

[1]Cruz concedes that, under Massachusetts law, his failure to object to the instruction constituted a procedural default which deprived him of the right to appellate review of this issue.

N.E.2d at 818-19.  This conclusion, accordingly, is an "independent and adequate state ground" barring review.  See Brewer, 119 F.3d at 999.  Since Cruz "defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of [his] claims is barred unless [he] can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law," or if he can show that "failure to consider the claims will result in a fundamental miscarriage of justice."  See Coleman v. Thompson, 501 U.S. 722, 750 (1991).

"To excuse a procedural default, a petitioner's cause must relate to an objective factor, external to the defense, that thwarted (or at least substantially obstructed) the efforts of the defendant or his counsel to obey the state's procedural rule."  Burks v. Dubois, 55 F.3d 712, 716-17 (1st Cir. 1995).  The *only* potential cause available to Cruz is defense counsel's failure to object to the instruction.  See Gardner v. Ponte, 817 F.2d 183, 186 (1st Cir. 1987).  As will be demonstrated, however, Cruz cannot establish cause since defense counsel's failure to object did not constitute ineffective assistance of counsel.  See Burks, 55 F.3d at 716-17.  Nor can Cruz demonstrate that he was prejudiced:  the jury was instructed in accordance with Massachusetts law.  See Simpson v. Matesanz, 175 F.3d 200, 210 (1st Cir. 1999) ("[T]he SJC's decision on what is a miscarriage of justice is a

determination made under state law[.]"). There was no substantial risk of a miscarriage of justice.

Accordingly, we reject Cruz's claim that the trial court violated his constitutional rights by instructing the jury that the felony of burglary with assault on an occupant is a crime that is inherently dangerous to human life.

## 2. Ineffective Assistance of Counsel

Cruz also argues that he is entitled to habeas relief because his counsel was constitutionally ineffective in failing to timely object to the jury instruction. Pursuant to Strickland v. Washington, 466 U.S. 668 (1984), Cruz is required to "show that counsel performed unreasonably and that prejudice resulted therefrom." United States v. Fornia-Castillo, 408 F.3d 52, 65 (1st Cir. 2005) (quoting United States v. Mena-Robles, 4 F.3d 1026, 1034 (1st Cir. 1993)).

Cruz insists that his counsel's "ignorance [and] error" resulted in the failure to object, which was not a "tactical or strategic" decision. See Commonwealth v. Gelpi, 625 N.E.2d 543, 544 (Mass. 1994) (failure to object to instruction constituted ineffective assistance of counsel).[2] Regardless of performance, Cruz was not prejudiced. Massachusetts law is clear that the trial court's jury instruction was consistent with settled precedent. In Massachusetts, "burglary with assault on an occupant is inherently

---

[2]Cruz again concedes procedural default.

-10-

dangerous to human life, and thus, the conscious disregard for human life requisite for a finding of malice is presumed." See Cruz, 714 N.E.2d at 822 n.6 (citing Claudio, 634 N.E.2d at 906-07). Failure to object to an accurate jury instruction does not qualify as ineffective assistance of counsel. See Commonwealth v. Jackmon, 822 N.E.2d 754, 761-62 (Mass. App. Ct. 2005) (defense counsel's failure to object to felony-murder instruction was not ineffective where instruction was correct). Even if Cruz's counsel had objected, "there is [not] a reasonable probability that, but for counsel's unprofessional error[], the result of the proceeding would have been different." Ouber v. Guarino, 293 F.3d 19, 25 (1st Cir. 2002) (quoting Strickland, 466 U.S. at 694). This claim also fails.

We AFFIRM the district court's denial of Cruz's petition for a writ of habeas corpus.